

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**Andrew Lucas**
*Assistant Corporation Counsel*
Tel.: (212) 356-2373
Fax: (212) 356-3509
*alucas@law.nyc.gov*

October 9, 2015

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  George Packard, et al., v. City of New York, et al.
           15-cv-7130 (AT)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter.  Defendant City of New York ("City") respectfully requests a sixty-day enlargement of time, from October 13, 2015, until December, 14, 2015, for the City to answer or otherwise respond to the complaint.  Plaintiffs consent to this request.  No previous request for an enlargement of time has been made by the City.

      The complaint alleges, *inter alia*, that the nine plaintiffs, as putative class representatives, were falsely arrested during their participation in Occupy Wall Street protests between September 15, 2012 and September 17, 2012.

      An enlargement of time will give this office the opportunity to more fully investigate the allegations made in the complaint in accordance with its obligations under Rule 11 of the Federal Rules of Civil Procedure.  Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter to assess the case and respond to the complaint.

From review of the docket sheet, it appears that all defendants have been served between September 21, 2015 and September 24, 2015. Counsel can confirm that, in addition to the City of New York, at least three of the individual defendants have been served. However, prior to determining how the defendants were served and making a representation determination those parties are presently unrepresented. Accordingly, this request for an enlargement of time is not made on their behalf. However, given the time involved in determining the representation of a member of the New York City Police Department, and in the interest of judicial economy, if these defendants have been properly served, we would hope that the Court will consider, *sua sponte*, extending their time to answer or otherwise respond, in order to ensure that their defenses are not jeopardized while representation issues are being decided. The enlargement of time will permit this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent these officials if they have been properly served. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

For the reasons stated herein, the City respectfully requests that its time to respond to the complaint be extended until December 14, 2015, and that the Court, *sua sponte*, extend the remaining six officials' respective times to answer or otherwise respond to the complaint to that date as well.

Defendant City of New York thanks the Court for its time and consideration of this request.

Respectfully submitted,

/s/
Andrew Lucas
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   By ECF
      Wylie Stecklow
      Stecklow and Thompson
      217 Centre Street, 6th Floor
      New York, NY 10013