

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

JOY T. ANAKHU
*Senior Counsel*
Phone: (212) 356-2323
Fax: (212) 356-3509
Janakhu@law.nyc.gov

January 14, 2016

**BY ECF & EMAIL**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re:  George Packard, et al., v. City of New York, et al.
15-cv-7130 (AT)

Your Honor:

I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing Defendants City of New York, Joseph Esposito, Raymond Kelly, Michael Bloomberg, Thomas Purtell, Steven Anger and James McNamara in the above-referenced action. Defendants write to request that the initial conference, currently set for January 19, 2016 be converted to a pre-motion conference as directed by Your Honor's Rule of Practice III.A. The parties have exchanged letters as outlined under Your Honor's Rules of Practice III.B.*i.* Defendants seek permission to file a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

By way of background, plaintiffs allege they were participants in the First Anniversary of Occupy Wall Street ("OWS"). See Complaint, ¶¶19-27. During their participation at the first anniversary demonstrations plaintiffs allege they were arrested and charged with disorderly conduct. Id. These arrests occurred on September 15, 2012 or September 17, 2012. Id. ¶¶109-154. Prior to their arrests, plaintiffs assert they were with a "group" either approaching or on the sidewalk when they were arrested. Id. ¶¶110,113,116, 124, 130, 138, 143, 154. While plaintiffs assert they were arrested, they do not allege that any of the named defendants ordered, personally participated, or witnessed their arrests. Id. ¶¶109-154.

Plaintiffs' Complaint references municipal liability under Monell, as well as the First, Fourth, and Fourteenth Amendment. Defendants move to dismiss plaintiffs' claims as they fail to adequately allege facts that would assert they are entitled to relief and do not raise a colorable claim under Monell.

As this Court is aware, a Complaint may be dismissed pursuant to Rule 12(b) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1975 (2007). Here, as it relates to the claim of false arrest, the Complaint fails to "raise a right to relief above the speculative level." See Twombly, 127 S. Ct. at 1965; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'"). In order to state a claim for false arrest, a plaintiff must show that "(1) the defendant intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

Here, the Complaint fails to allege sufficient facts about Plaintiffs' arrests to survive a motion to dismiss. In substance the Complaint only alleges that plaintiffs were arrested on September 15, 2012 or September 17, 2012 during an Occupy Wall Street demonstration. (Complaint ¶¶109-154). Further, the Complaint alleges only that some plaintiffs were with a "group" either approaching or on the sidewalk when they were arrested (Complaint, ¶¶110,113,116, 124, 130, 138, 143, 154). Plaintiffs must plead facts that would allow the Court to make an inference that Plaintiffs were *falsely arrested*. "As these assertions lack any factual foundation, they are merely conclusory allegations 'masquerading as factual conclusions,' which are insufficient to defeat a motion to dismiss." Jackson v. Cnyt. of Rockland, 450 Fed. Appx. 15, 19 (2d Cir. 2011) (citing Kirch v. Liberty Media Corp., 449 F.3d 388, 398 (2d Cir. 2006)) (dismissing § 1983 false arrest claim because the complaint's allegations were merely conclusory and generally lacked a factual foundation) (quoting Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d. Cir.2002)). Further, plaintiffs must plead sufficient facts to allow the Court to infer that their "confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Plaintiffs fail to plead any facts supporting allegations that their arrests were improper.

In summary, plaintiffs' ability to plausibly allege that their arrests and/or detentions were unjustified is the foundation of and essential to the claim of false arrest asserted by each of the plaintiffs. Plaintiffs' failure to allege a factual basis for this allegation is grounds for dismissal. Further, even if *arguendo*, plaintiffs were falsely arrested, plaintiffs have failed to plausibly plead facts to suggest that any of the named defendants were personally involved in their arrests. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004). The defendants in this action include former Mayor Michael Bloomberg, former Police Commissioner Raymond Kelly and other high ranking officials of the New York City Police department. Yet as noted throughout the Complaint, plaintiffs fail to identify any defendant purportedly personally involved in, and therefore responsible for, any alleged constitutional violation as it relates to their claim of false arrest. There are no facts to suggest that any of the individual defendants ordered their arrests or had a reasonable opportunity to intervene in order to prevent any alleged constitutional harm of being falsely arrested.

As this court is well aware, the doctrine of respondeat superior does not apply in a 42 U.S.C.S §1983 action. See Urbina v. City of New York, 2016 U.S. Dist. LEXIS 1439, at *12 (S.D.N.Y. Jan. 6, 2016). Simply put a defendant in a § 1983 action may not be held liable merely because he holds a high position of authority. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Instead, "each Government official . . . is only liable for his . . . own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). While personal involvement of a supervisory defendant may attach when it can be shown that the supervisor created a policy or custom; was grossly negligent in supervising subordinates; or exhibited deliberate indifference, see Muhammad v. Evans, 2014 U.S. Dist. LEXIS 119704, at *29 (S.D.N.Y. 2014); outside of conjecture and unsupported conspiratorial theories, plaintiffs have made no showing here in which these alternative channels would plausibly apply.

This is evidenced by their wholly unsupported belief that the NYPD misapplies the disorderly conduct statute (see Complaint ¶12) or that NYPD crowd control protocols employed during OWS demonstrations "were similarly ineffective and indicative of the poorly tailored policies and procedures. Id. ¶ 57. Ironically, based on the assertions made by plaintiffs in their Complaint, the individual defendants in this action would at minimum be entitled to qualified immunity. The Supreme Court has noted "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

Similarly, plaintiffs fail to plead sufficient facts to state a claim under the First Amendment. Plaintiffs make generic and conclusory statements that they were engaged in "expressive speech activity related to the First Anniversary of Occupy Wall Street". See Complaint ¶¶19-27. Yet plaintiffs fail to assert any facts or legal theories to sufficiently suggest they were subject to prior restraint or retaliation for their First Amendment activities. See Dorsett v. Cnty. of Nassau, 732 F.3d 157, 160 (2d Cir. 2013) ("[t]o plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury."); see also Cox v. Louisiana, 379 U.S. 559, 568 (U.S. 1965) and Marcavage v. City of New York, 689 F.3d 98, 103 (2d Cir. 2012) (Time, place, and manner challenges analyze prior restraints on speech put in place by statute, administrative action, or policy).

Finally, plaintiffs' claim under Monell must be dismissed. Where there is no underlying constitutional violation, there can be no liability pursuant to Monell. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). As noted above, plaintiffs' inability to plausibly allege that the arrests were not justified by their behavior is fatal to their Monell claim. In addition, plaintiffs' allegations that the City of New York continues a policy, procedure, customs, or practice of commanding or condoning wrongful arrests as it relates to protestors (e.g., ¶¶ 163-168) is too conclusory, vague and formulaic to meet the Iqbal plausibility standard or the Monell scienter/actual involvement standards. Plaintiffs' claim for municipal liability fails as they have not identified any policy or practice that is even arguably the moving force behind an alleged constitutional violation. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). Moreover, plaintiffs' Monell claim fails to allege sufficient facts to

plausibly show:   a. that each of the high ranking defendants had final policymaking authority as to any particular policy; b. that any alleged custom or practice was so widespread as to be a equivalent to such a policy; or c. that defendants acted with deliberate indifference to the rights of persons participating in demonstrations. City of Canton v. Harris, 489 U.S. 378 (1989). Plaintiffs have also failed to plausibly allege that there was a failure to sufficiently train officers as to First Amendment activity or disorderly conduct statues. As this court is well aware, "[t]he simple recitation that there was a failure to train municipal employees . . . does not suffice to allege that a municipal custom or policy caused the plaintiff's injury in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993).   Conclusory allegations of a failure to train are insufficient and would result in plaintiffs' Monell claim being dismissed.

　　　　　For all these reasons, and other reasons that will be set out fully in our motion to dismiss, plaintiffs' complaint should be dismissed in its entirety and with prejudice.   Defendants request a conference before the Court to discuss the issues raised in this letter, or alternatively a briefing schedule to fully present the parties positions.   Thank you for your consideration.

　　　　　Respectfully  Submitted,


_____/s/_____
Joy Anakhu
Senior Counsel
Special Federal Litigation  Division


cc:   **VIA ECF**
　　　Stecklow & Thompson
　　　Wolf, Haldenstein,  Adler Freeman & Herz, LLP
　　　*Attorneys for plaintiffs*