USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-5-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15-CV-7130 (AT)(RLE)

GEORGE PACKARD, EDWARD BECK, MICHELLE BERGER, ARI COWAN, CONNOR HICKS, CHARLES MEACHEM, CHRIS PHILLIPS, LARRY SWETMAN and AMADON DELLERBA, individually and on behalf of all others similarly situated,

Plaintiff,

- against –

THE CITY OF NEW YORK, a municipal entity,

Defendant.

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties have each sought certain documents and information; and

WHEREAS, the parties will produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

WHEREAS, the parties seek to ensure that the confidentiality of these documents and information remains protected;

WHEREAS, good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiffs and the attorney for defendant City of New York, as follows:

1. As used herein, "Action" shall mean the lawsuit captioned above.

1

2. "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) plaintiffs' medical records; (c) a list from the New York City Police Department that identifies any plaintiff's prior arrest by date of arrest, charge(s) and disposition, including all sealed arrest(s), and (d) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by a party to the Action or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) relate to the incident(s) underlying the Complaint in the Action; (ii) are lawfully obtained by plaintiffs by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (iii) are otherwise publicly available.

3. "Attorneys-eyes-only Materials" shall mean documents or information with the address, telephone number, social security number, date of birth and other personal information regarding defendants, plaintiffs, complaining victims, witnesses, and/or any member of the NYPD identified by the production of documents or otherwise identified in the course of this Action. Such information shall be used only by the Receiving Party's attorneys or their agents for the purpose of communicating with witnesses or the service of subpoenas, and shall not be disclosed to plaintiffs, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court, except that copies of such documents and information which have been redacted to completely and permanently conceal or remove all such aforementioned information shall not be subject to the usage restrictions stated herein. Documents and information shall not be designated "Attorneys-eyes-

2

only Materials to the extent, and only to the extent, that they are (i) lawfully obtained by plaintiff pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

4. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential or attorneys-eyes-only, and "Receiving Party" shall mean any party who is not the "Producing Party" as defined herein, for that document or information.

5. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

6. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that party's attorney's office, except under the following conditions:

>a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.
>
>b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.
>
>c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.
>
>d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the

3

Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party's does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e. Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

7. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark "Confidential Information Governed by a Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Producing Party or that party's counsel.

8. If a Receiving Party objects to the designation of any Confidential Materials or Attorneys-eyes-only as confidential, they shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 30 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential Material or Attorneys-eyes-only as originally

4

designated until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9. Any party seeking to file papers with the Court that incorporate Confidential Materials or Attorneys-eyes-only Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials or Attorneys-eyes-only Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

10. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

11. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time.

12. [RESERVED FOR DISPOSITION OF MATERIALS PENDING TERMINATION OF ACTION]

13. This stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

14. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

Dated: May _18_, 2017
New York, New York

Stecklow & Thompson
217 Centre Street, 6th Floor
New York, New York 10013

By: _____
Wylie M. Stecklow
David A. Thompson
*Attorneys for Plaintiffs*

Wolf Haldenstein Adler
 Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016

By: _____
Jeffrey G. Smith
Janine L. Pollack
Kevin G. Cooper
*Attorneys for Plaintiffs*

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
100 Church Street
New York, New York 10007

By: _____  5/24/2017
Gary Moy
Senior Counsel
Special Federal Litigation Division
*Attorney for City of New York*

SO ORDERED:
6-5-17

_____
HON. RONALD L. ELLIS
UNITE STATES MAGISTRATE JUDGE

6

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Confidentiality Stipulation and Protective Order entered in the United States District Court for the Southern District of New York dated May ___, 2017 in the action entitled, George Packard, et al. v. City of New York, 15 Civ. 7130 (AT) (SDNY), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____           _____
               Date                                      Signature

                                         _____
                                                       Print Name

7