UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/17

GEORGE PACKARD, EDWARD BECK, MICHELLE BERGER, ARI COWAN, CONNOR HICKS, CHARLES MEACHEM, CHRIS PHILLIPS, LARRY SWETMAN and AMADON DELLERBA, individually and on behalf of all other similarly situated,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, a municipal entity, FORMER NYPD CHIEF OF PATROL JOSEPH ESPOSITO, FORMER NYPD COMMISIONER RAY KELLY, FORMER MAYOR MICHAEL BLOOMBERG, NYPD CHIEF THOMAS P. PURTELL, NYPD DEPUTY CHIEF STEVEN ANGER, NYPD DEPUTY CHIEF JAMES MCNAMARA,

                Defendants.

15 Civ. 7130 (AT) (RLE)

**ORDER**

ANALISA TORRES, District Judge:

Defendant City of New York (the "City") has filed a motion for reconsideration pursuant to Local Civil Rule 6.3, ECF No. 62, requesting that the Court revisit certain aspects of its March 2, 2017 order (the "Order") granting in part and denying in part Defendants' motion to dismiss. ECF No. 59.[1] In particular, the City requests reconsideration of the Court's rulings that:

(1) Plaintiffs stated a claim for false arrest against the City under New York law, and

(2) Plaintiffs stated a claim under a failure-to-train theory of municipal liability. Def. Mem. 1,

---

[1] Defendants, the City, City officials, and members of the New York City Police Department ("NYPD"), brought the motion to dismiss. Only the City remains in the case after the Court's Order.

ECF No. 63. For the reasons stated below, Defendant's motion for reconsideration is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the allegations in this case, which are outlined in more detail in the Order and in Plaintiffs' complaint.

## DISCUSSION

I. <u>Motion for Reconsideration Standard</u>

Motions for reconsideration are governed by Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, and are entrusted to the "sound discretion" of the district court. *Davidson v. Scully*, 172 F. Supp. 2d 458, 462 (S.D.N.Y. 2001) (quoting *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271-72 (S.D.N.Y. 2001)). A court may grant a motion for reconsideration "to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (quoting *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

To that end, a party "may not use a motion under Rule 6.3 to advance new facts, issues or arguments not previously presented to the court." *McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (citation omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d

Cir. 1998))). The burden rests with the party seeking reconsideration to "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Davis v. The Gap, Inc.*, 186 F.R.D. 322, 324 (S.D.N.Y. 1999).

II. <u>False Arrest</u>

The City argues that reconsideration of Plaintiffs' state law false arrest claim is warranted because "plaintiffs failed to comply with the statutory conditions precedent to suit against the City." Def. Mem. 3. The Court agrees.

"[I]n a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis omitted). New York General Municipal Law § 50-e provides that a notice of claim must be filed against the City before it can be sued "for torts arising out of the conduct of police officers in the course of their employment with the municipality." *Mejia v. City of New York*, 119 F. Supp. 2d 232, 256-57 (E.D.N.Y. 2000). At the pleading stage, plaintiffs must affirmatively plead compliance with the notice-of-claim requirement. *Davidson v. Bronx Mun. Hosp.*, 473 N.E.2d 761, 762-63 (N.Y. 1984) (per curiam) ("Plaintiff must not only plead in his complaint that he has served a notice of claim, but must also allege that the notice was served at least 30 days prior to commencement of the action and that in that time defendants neglected to or refused to adjust or to satisfy the claim.").

Because Plaintiffs have not alleged that that they filed or served the City with a notice of claim, their false arrest claim under New York law is barred. Plaintiffs argue that because the notice-of-claim deficiency was not previously raised by the City, the Court should not now consider it on a motion for reconsideration. Pl. Mem. 5-6 n.4, ECF No. 66. The Court disagrees. Defendant's silence on this issue at the motion to dismiss stage is excusable where Plaintiffs' false arrest cause of action did not specify whether it arose under federal or state law, *see* Compl.

3

¶¶ 169-72, and where neither party briefed the issue, *see Richard Feiner & Co. v. BMG Music Spain, S.A.*, No. 1 Civ. 937, 2003 U.S. Dist. LEXIS 10975, *3-4 (S.D.N.Y. June 25, 2003) (noting that the court may consider "[n]ew arguments" on a motion for reconsideration where there is "some valid reason they could not have been previously advanced when the motion was originally argued." (citation omitted)). Belated consideration is also appropriate where failure to comply with the notice-of-claim rules deprives the court of jurisdiction. *See Reilly v. Garden City Union Free Sch. Dist.*, No. 9968/09, 2009 N.Y. Misc. LEXIS 5618, at *7 (N.Y. Sup. Ct. Dec. 1, 2009) ("The statutory requirement of service of a notice of claim is a jurisdictional condition precedent to the commencement of an action.").

Accordingly, Defendant's motion to reconsider Plaintiffs' false arrest claim against the City under New York law is granted and that claim is DISMISSED.

III. <u>Municipal Liability for Failure to Train</u>

The Court denies the remainder of Defendant's motion for reconsideration, which revisits arguments about the sufficiency of the complaint's failure-to-train allegations that the parties previously briefed and the Court already rejected.

The City primarily argues that the Suppressing Protest Report (the "Report")[2] cannot support Plaintiffs' failure-to-train claim because it recounts unverified or unadjudicated allegations of police misconduct. Def. Mem. 13; Def. Reply 7, ECF No. 69. As the Court previously found, however, the allegations in the Report "demonstrate a documented history of

---

[2] The Court found that the Report was incorporated by reference in or integral to the complaint and, therefore, considered its content on the motion to dismiss. Order 14. Co-authored by seven law school clinics, the Report documented police responses to the OWS movement. Compl. ¶ 8, n.1; Sarah Knuckey, Katherine Glenn & Emi MacLean, *Suppressing Protest: Human Rights Violations in the U.S. Response to Occupy Wall Street* (July 21, 2012), http://hrp.law.harvard.edu/criminal-justice/suppressing-protest-human-rights-violations-in-the-u-s-response-to-occupy-wall-street.

4

conduct to put the City on notice." Order 16. And courts in this circuit also have concluded that plaintiffs can state a *Monell* failure-to-train claim where a complaint references unadjudicated allegations of wrongdoing in published reports. *See, e.g., Marlin v. City of New York,* No. 15 Civ. 2235, 2016 WL 4939371, at *21 (S.D.N.Y Sept. 7, 2016) (considering the unadjudicated cases in the Report in part to sustain a failure-to-train claim); *Osterhoudt v. City of New York,* No. 10 Civ. 3713, 2012 WL 4481927, at *2 (E.D.N.Y. Sept. 27, 2012) ("While plaintiff's citations to pending lawsuits and settlement agreements will not suffice to overcome summary judgment[,] they do permit a plausible inference of deliberate indifference." (internal quotation marks and citation omitted)).

Defendant cites *Rasmussen v. City of New York,* 766 F. Supp. 2d 399 (E.D.N.Y. 2011), for the proposition that "mere allegations are not enough to show wrongdoing" and thus are not "enough to state a *Monell* claim." Def. Mem. 13. However, *Rasmussen* held that unverified allegations would be insufficient to establish a deliberate indifference claim at summary judgment—it did not decide the issue on a motion to dismiss. *Id.* at 408-410. Defendant also discusses *Smith v. Martuscello*, a non-precedential Second Circuit summary order. 602 F. App'x 550, 552 (2d Cir. 2015). But *Smith* is inapposite because it involved a municipal liability claim under a different legal theory, namely that prison abuse was so widespread that it was the result of a "policy or custom." *Id. Smith* did not involve a failure-to-train claim and its reasoning is therefore distinguishable. *See Tieman v. City of Newburgh,* No. 13 Civ. 4178, 2015 WL 1379652, at *17 (S.D.N.Y. Mar. 26, 2015) (distinguishing between the threshold necessary to show an unconstitutional practice and the threshold necessary to show notice for a deliberate indifference analysis).

Defendant next argues that the failure-to-train claim fails because the Report does not involve allegations sufficiently related to the relevant police misconduct allegedly suffered by Plaintiffs. Def. Mem 7-8; Def. Reply 5. The Court disagrees. Appendix III of the Report details thirteen cases where the NYPD arrested individuals who were exercising their First Amendment rights by documenting or demonstrating at an OWS protest. Suppressing Protest Report App'x III. Two cases in the Report involve journalists who were documenting a protest and who were charged with disorderly conduct; Plaintiffs here also were charged with disorderly conduct. Compl. ¶¶ 115, 121, 129, 141, 146, 158. In addition, Plaintiffs Dellerba and Meacham alleged that they were engaged in journalistic activity when they were arrested for disorderly conduct. *Id.* ¶¶ 139-41, 154-58.

Despite the overlap between Plaintiffs' arrests and the arrests in the Report, the City argues they are insufficiently similar because the disorderly conduct statute has seven different provisions, and the Report does not provide enough information to determine which provision the police used to justify the arrests documented therein. Def. Mem. 1, 5; Def. Reply 4. But Defendant does not cite any authority suggesting that a failure-to-train claim must be pleaded with this degree of particularity, especially at the motion-to-dismiss stage. The Court is satisfied that it has not "overlooked . . . controlling decisions or data," *Shrader*, 70 F.3d at 257, or otherwise committed "clear error," *Munafo*, 381 F.3d at 105.

Finally, Defendant argues that the Court erred in denying its motion to dismiss the failure-to-train claim because Plaintiffs did not adequately plead causation. Def. Mem. 16. Defendant claims that the Court erroneously relied on *Amnesty America v. Town of West Hartford*, a case in which the Second Circuit found that a plaintiff "need only plead that the city's failure to train caused the constitutional violation" because "[i]t is unlikely that a plaintiff

would have information about the city's training programs or about the cause of the misconduct at the pleading stage." 361 F.3d 113, 130 n.10 (2d Cir. 2004). Defendant argues that such a minimal standard is irreconcilable with the pleading standards of *Iqbal/Twombly*, citing *Simms v. City of New York*, a non-precedential summary order.³ 480 F. App'x 627 (2d Cir. 2012).

Several other courts that have recently considered this question have found that because the *Iqbal/Twombly* standard is "context specific," and because—in this context—a plaintiff has "no realistic way to learn about a municipality's training programs without discovery," a plaintiff "should be afforded a lenient pleading standard on failure to train claims." *Michael v. Cty. of Nassau*, No. 9 Civ. 5200, 2010 WL 3237143, at *4 n.3 (E.D.N.Y. Aug. 11, 2010); *see also Ferrari v. Cty. of Suffolk*, 790 F. Supp. 2d 34, 46 (S.D.N.Y. 2011) (applying a minimal pleading standard for causation in a *Monell* failure-to-train case).⁴ Thus, on this issue as well, the Court is satisfied that it has not "overlooked . . . controlling decisions or data," *Shrader*, 70 F.3d at 257, or otherwise committed "clear error," *Munafo*, 381 F.3d at 105.

Accordingly, the Court DENIES Defendant's motion to reconsider with respect to the failure-to-train claim.

---

³ Contrary to Defendant's characterization of *Simms*, the case implies that a plaintiff can successfully state a claim for failure to train without making detailed allegations about which deficiencies in training caused the violation of plaintiff's constitutional rights. Discussing whether plaintiff had sufficiently alleged causation, the court in *Simms* stated that "plaintiffs can meet their pleading obligations . . . by alleging facts indicating a pattern of similar constitutional violations by untrained municipal employees." *Simms*, 480 F. App'x at 631 n.4.

⁴ Likewise in the securities law context, the Second Circuit has found minimal causation pleading requirements consistent with *Twombly* and *Iqbal*. In *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015), the court held that a plaintiff's burden to plead causation is "not a heavy one," *id.* at 187, and that causation is an issue "typically reserved for summary judgment," *id.* at 182 n.4.

7

## CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration is GRANTED in part and DENIED in part. The Clerk of Court is directed to terminate the motion at ECF No. 62.

SO ORDERED.

Dated: July 17, 2017
New York, New York

_____
ANALISA TORRES
United States District Judge