

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **ALISON S. MITCHELL**<br>*Assistant Corporation Counsel*<br>*Phone: (212) 356-3514*<br>*Fax: (212) 356-3558*<br>amitchel@law.nyc.gov |

August 31, 2017

**By ECF**
Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>George Packard, et al. v. City of New York, et al.</u>
               15 Civ. 7130 (AT) (RLE)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to represent for defendant City of New York in the above-referenced matter. Defendant City of New York writes to respectfully request an additional 45 days, until October 15, 2017 to produce: (i) documents responsive to plaintiffs' First Set of Document Requests; and in the event that defendant is unable to complete production by that date, (ii) affidavit(s) explaining the process that must be undertaken and the approximate time it will take to produce outstanding documents. Defendant also writes to respond to plaintiff's request for Rule 37.2 conference.

      By way of background, on July 13, 2017, the Court issued an Order directing the parties to meet and confer regarding discovery issues by July 27, 2017. (Docket Entry No. 82). The Court also ordered that in the event that the City was unable to produce documents responsive to Plaintiffs' Document Requests Nos. 9, 10, 11, 12, and other requests within two weeks of the meet and confer, the City should provide affidavit(s) to plaintiffs explaining, *inter alia,* the process that must be undertaken to obtain the documents and the approximate length of time to complete the process. (Docket Entry No. 82)

      On July 24, 2017, the parties met and conferred. Pursuant to the Court's July 13, 2017 Order, on August 7, 2017, defendant provided plaintiffs with an affidavit from the New York City Police Department (NYPD) Legal Bureau's Director, Civil Matters. (Docket Entry No. 84). Defendants also requested an additional 60 days to produce responsive documents. On August 17, 2017, Your Honor granted defendant's request in part and defendant to produce documents

or affidavits responsive to plaintiff's Document Requests by August 31, 2017. (Docket Entry No. 87).

To date, Defendant have produced over 170 additional pages of documents and 24 videos responsive to Plaintiffs' Document Requests. However, plaintiffs seek training materials for the First Amendment, disorderly conduct, obstructing government administration, and regulation or control of pedestrian traffic, parades, marches, protests, or political assemblies for all NYPD members between September 17, 2007 and September 17, 2012. Plaintiffs also seek these same training materials for all NYPD members who were assigned to the Occupy Wall Street detail between September 15, 2012 and September 17, 2012. These requests relate to over 30,000 members of service.

Defendants objected to plaintiff's document requests as overly broad and burdensome. Despite these objects, defendants were unaware of the specific burden of plaintiff's request. Subsequent to the parties' meet and confer, and after conferring with the New York City Police Department, defendant further understood the overbroad nature of the request and the impracticality of satisfying it. This request requires the allocation of signification NYPD resources to obtain said discovery (Attachment 1 to Docket Entry No. 84, Affidavit of Elizabeth Daitz). Thus, in order to comply in good faith with their discovery obligations and the July 13, 2017 order, defendant limited the scope of plaintiff's requests to members of service associated with the arrests of the named plaintiffs. Specifically, as of the filing of this letter, defendant has produced to plaintiffs the training transcripts of approximately 30 officers associated with the arrests of the named plaintiffs. Additionally, defendant continues to search for information and documents responsive to plaintiff's specific First Amendment, disorderly conduct, obstructing government administration, and regulation or control of pedestrian traffic, parades, marches, protests, or political assemblies training materials requests related to the produced NYPD officers training transcripts associated with the arrests of the named plaintiffs. Despite these efforts, defendants again assert that the training materials of 30,000 plus members of service are not proportional to the needs of the instant matter.

Plaintiff asserts in a letter to defendants that these document requests are to ascertain whether the NYPD general population of officers are equally trained, better trained, or worse trained than the officers assigned to the Occupy Wall Street protests. In an effort to further comply with the July 13, 2017 Order and cooperate in discovery, defendant proposes providing a sampling of the training materials of 250 NYPD general population officers coupled with the approximately 30 officers associated with the arrests of the named plaintiffs assigned to Occupy Wall Street protests for plaintiffs comparison of whether the NYPD general population of officers are equally trained, better trained, or worse trained than the officers assigned to the Occupy Wall Street protests. A sampling would allow plaintiffs to sufficiently compare the two groups of officers and glean the information that they seek while significantly reducing the burdensome nature of their request.

Defendant also takes this opportunity to respond to plaintiff's letter motion for a Local Civil Rule 37.2 conference to plaintiff's overbroad Rule 30(b)(6) deposition notice. (Docket Entry No. 88). During the parties' meet and confer on July 24, 2017, plaintiffs took issue with defendants' responses to their Rule 30(b)(6) deposition notice. Although it was, and still is,

- 3 -

defendant's position that their letter response to plaintiff's notice complied with the federal rules, in an effort to cooperate in discovery and in an effort to avoid the unnecessary expenditure of judicial resources, defendant agreed to provide plaintiffs with more specific objections. On August 23, 2017, one day after plaintiffs filed their letter motion, defendant provided their (approximately 66 page) specific responses. Thus, plaintiff's request for a Local Civil Rule 37.2 conference is premature, as the parties have not yet conferred regarding defendant's more-tailored responses to plaintiff's deposition topic requests.

Defendant emphasizes that should the Court desire to hold a Local Civil Rule 37.2 conference at this time, defendant is willing to participate and explain to the Court the issues plaguing plaintiffs' notice and plaintiffs' harassing behavior throughout the course of this litigation. However, given defendant's updated responses, plaintiffs may wish to re-consider their repetitive requests, many of which would be better in interrogatory form and do not require a Rule 30(b)(6) witness to testify to, and serve defendant with a more narrowly-tailored notice will lead to a productive Rule 30(b)(6) deposition. Defendant believes that the parties can cooperate and reach a resolution regarding the topics that plaintiffs truly requires a Rule 30(b)(6) witness for, without judicial intervention.

Thus, defendant respectfully requests that the Court grant 45 days, until October 15, 2017 to complete the process of determining whether there are responsive documents, locating and obtaining the documents, and thereafter producing responsive documents. Defendant also respectfully notes that plaintiff's request for a 37.2 conference is premature and may not be the most efficient use of judicial resources but defendant will follow the Court's guidance.

Thank you for your consideration herein.

                                                  Respectfully submitted,

                                                  /s/
                                                Alison S. Mitchell
                                                *Assistant Corporation Counsel*

cc:      All counsel VIA ECF