**KEVIN G. COOPER**
DIRECT DIAL: 212-545-4717
FACSIMILE: 212-545-4653
KCooper@whafh.com

270 MADISON AVENUE
NEW YORK, NY 10016
212-545-4600

SYMPHONY TOWERS
750 B STREET - SUITE 2770
SAN DIEGO, CA 92101
619-239-4599

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC
70 W. MADISON ST., STE. 1400
CHICAGO, IL 60602
312-984-0000

**September 8, 2017**

**Via ECF:**

The Honorable Ronald L. Ellis
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *George Packard, et al.,* v. *City of New York*, No. 1:15-cv-7130-AT (RLE)

Dear Magistrate Judge Ellis:

Pursuant to Your Honor's Individual Rules of Practice § 1 (E), Plaintiffs oppose Defendant's *second* unilateral extension request and seek sanctions as the Court sees fit under Rule 37(b) for Defendant's failure to comply with this Court's Order issued on August 17, 2017 (ECF No. 84)

No, Your Honor, this is not *déjà vu*. This is the *fourth* motion sequence related to Defendant's failure to respond to Plaintiffs' First Set of Document Requests (the "Requests") served on March 17, 2017. During the previous motion sequence,[1] Defendant requested a 60-day extension (until October 6, 2017) to provide responsive documents to the Requests or provide affidavits attesting to their alleged efforts to gather such information. In response, the Court issued an unambiguous Order on August 17, 2017:

> **ORDER granting in part [84] Letter Motion for Extension of Time. Extension to produce responsive documents on or before August 31, 2017. (HEREBY ORDERED by Magistrate Judge Ronald L. Ellis)(Text Only Order) (Ellis, Ronald)**

Defendant failed to comply with the Order and once again moves for an extension. Plaintiffs vehemently oppose and seek the Court's assistance to end this contemptible conduct.

---

[1] Plaintiffs refer the Court to the Letter of Kevin Cooper to Magistrate Judge Ellis dated August 9, 2017 (ECF No. 85) for a full recitation of the court conferences and meet-and-confers to date.

Defendant appears to be engaged in a parallel litigation, subject to different rules than the Federal Rules of Civil Procedure with a different magistrate judge than Your Honor. Indeed, in its instant extension request Defendant seems to have changed the text of the unambiguous August 17 Order stating that the Order instead provided for "defendant to produce documents *or affidavits* responsive to plaintiff's Document Requests by August 31, 2017." (ECF No. 89 at 1-2). Nevertheless, Defendant still failed to even comply with its fabricated order, as Defendant did not even bother to provide affidavits concerning its efforts.[2]

Moreover, in this fanciful parallel litigation, Defendant believes that Your Honor did not rule on the objections raised during the June 28, 2017 conference, allowing discovery to proceed with regard to class members (not just Plaintiffs as Defendant appears to still contend) as well as with materials relating to Obstruction of Governmental Administration. *See* Order dated July 13, 2017 at ¶ 3 ("Specifically, discovery shall not be limited to disorderly conduct charges."). Accordingly, Defendant unilaterally "limited the scope of plaintiffs' requests to members of service associated with the arrests of named plaintiffs." (ECF No. 89 at 2).

Similarly, Defendant unabashedly believes it was under no obligation to search for responsive documents from the NYPD when served with discovery. Defendant believes the first time it must speak to its client concerning discovery production is after serving its responses, receiving objections, participating in two court conference calls, and a court-ordered meet and confer. Defendant has admitted it was not until after the July 24, 2017 meet and confer (the parties' *second* meet and confer in this litigation) that it reached out to its client concerning discovery obligations and burdens. ("Subsequent to the parties' meet and confer, and after conferring with the New York City Police Department, defendant further understood the overbroad nature of the request and impracticality of satisfying it.") (ECF No. 89 at 2). Rather than discuss the Requests internally prior to the meet and confers in order to have a productive meeting with Plaintiffs, Defendant sought to discuss its responsive discovery *without even knowing what it had.* Accordingly, in this imaginary parallel litigation, Defendant believes that its failure to search for responsive documents for over *four* months from service entitles it to additional extensions of time to respond.

Defendant's irreverent approach to this litigation is also evinced by its total failure to seek Plaintiff's consent for this extension request (or its August 8 Extension Request for that matter) pursuant to Your Honor's rules of practice. Rather Defendant believes it can continue to make unilateral choices as to what court orders it will obey, what documents it believes are responsive, when it will produce them, and whether or not it will abide by the agreements reached during the various meet and confers.

Unfortunately for Defendant, this is not their imaginary parallel litigation, and it must comply with the dictates of this Court and the Rules of Federal Procedure. Defendant's evasive

---

[2] Insofar as Defendant contends that the Affidavit of Elizabeth Daitz (ECF No. 84-1) is sufficient, Plaintiffs addressed the numerous reasons this affidavit was and is deficient in the Letter of Kevin Cooper to Magistrate Judge Ellis dated August 9, 2017 (ECF No. 85 at 3-4).

behavior has resulted in continued delay of this action and the irresponsible waste of resources of the parties and this Court.

* * *

For the reasons stated above, Plaintiffs request that the Court (1) deny Defendant's second unilateral extension motion; and (2) for the Court to hold Defendant in contempt due to its failure to abide by the Court's latest order and impose such sanction as it sees fit so that Defendant will respect the discovery process in the future.

Respectfully submitted,

 /s/
Kevin G. Cooper, Esq.
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP

//795285