

**THE CITY OF NEW YORK**

**ZACHARY W. CARTER**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BRACHAH GOYKADOSH**
*Assistant Corporation Counsel*
bgoykado@law.nyc.gov
Phone: (212) 356-3523
Fax: (212) 356-1148

April 13, 2018

**By ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                  Re:    <u>George Packard, et al. v. City of New York</u>
                           15 Civ. 7130 (AT) (SDA)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense in the above-referenced matter. Defendant writes to request a *nunc pro tunc* extension of time to answer the Complaint in this matter. Defendant's proposed answer to the Complaint is annexed hereto as Exhibit "A."

       **I.**      <u>Relevant Background and Procedural History.</u>

       By way of background, plaintiffs filed under 42 U.S.C. § 1983 this putative class action on September 10, 2015 alleging *inter alia* that the City of New York violated their civil rights during the first anniversary of the Occupy Wall Street movement in September 2012. (See Docket Entry No. 1). In lieu of answering the Complaint, on February 18, 2016, defendant City of New York moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry Nos. 41, 45, 46, 62, 66, 69). Defendant's motion to dismiss was granted in part and denied in part. (<u>See</u> Docket Entry No. 59; <u>see</u> also Docket Entry No. 83). As defendant moved to dismiss the Complaint, an Answer to the Complaint was not interposed. Now, defendants request that the Court *nunc pro tunc* extend their time to answer the Complaint, so that issue can be joined in this matter.

       The reason for this request is that issue needs to be joined. When defendant inquired if plaintiffs would consent to defendant's request for a *nunc pro tunc* extension of time to answer the Complaint, plaintiffs confirmed that they "will consent to and not oppose a *nunc pro tunc* extension of time for the [d]efendant to answer the Complaint if the [d]efendant will agree to waive and not interpose any affirmative defenses in its Answer or the remainder of this action."

Unfortunately, plaintiffs' condition is untenable. For the reasons described *infra*, the Court should grant defendant's motion for a *nunc pro tunc* extension of time to answer the Complaint and interpose its affirmative defenses, as provided in the proposed Answer annexed hereto as Exhibit "A."

This is defendant's first request for a *nunc pro tunc* extension of time to answer the Complaint. Taking into consideration the date that the motion for reconsideration was adjudicated by Judge Torres (Docket Entry No. 83), the answer to the Complaint would have been due on July 31, 2017, eight months ago. During the past eight months, the parties have been engaged in extensive discovery. Plaintiffs have not moved for a default.

## II.   Legal Basis for Why the Court Should Grant Defendant's Request.

### A. Applicable Legal Standard in This Instant Matter.

Because plaintiffs have not filed a motion for a default judgment, this request should be treated as a request for an extension of time to answer pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. See e.g., Olivieri v. Waldbaum, Inc., No. 12-cv-1195 (SLT), 2014 U.S. Dist. LEXIS 66406, at *2 (E.D.N.Y. May 14, 2014), citing Alli v. Steward-Bowden, 2012 U.S. Dist. LEXIS 122996 (S.D.N.Y. August 24, 2012) (finding that a late answer filed prior to default being entered was appropriately analyzed filed under Rule 6). Rule 6(b) of the Federal Rules of Civil Procedure "allows the Court to extend the deadline to file an Answer 'for good cause,' which is . . . a discretionary decision." Turner v. City of New York, 14 Civ. 7236 (RWS), 2015 U.S. Dist. LEXIS 61612, at *2 (S.D.N.Y. May 8, 2015). "Good cause is usually not difficult to show, and: an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Rankin v. City of Niagara Falls, 293 F.R.D. 375, 390 (W.D.N.Y. 2013) (internal quotation marks and citation omitted), aff'd 569 F. App'x 25, 2014 U.S. App. LEXIS 10903 (2d Cir. 2014). Indeed, "the Second Circuit 'has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.'" Luo v. Baldwin Union Free Sch. Dist., No. 12-CV-3073(JS)(AKT), 2014 U.S. Dist. LEXIS 112086, at *8 (E.D.N.Y. Aug. 12, 2014) (citations omitted). "There is no question but that dismissal of a pleading is the most drastic sanction […]." Flaks v. Koegel, 504 F.2d 702, 708 (2d Cir. 1974)

### B. Defendant Has Shown Good Cause for a *Nunc Pro Tunc Extension*.

Here, defendant's failure to answer the Complaint was an unfortunate oversight; good cause exists for an extension of time, and there is no bad faith on defendant's part or prejudice to plaintiffs. As the Court is aware, there was a transition in counsel which accounts, in part, to this oversight. (See Docket Entry Nos. 86, 103, 104). During this transition in counsel, defendant was consumed by its discovery obligations. By accident, the Complaint was not answered. Despite this oversight, defendants hope that the Court will recognize that they have been actively litigating this matter in good faith. Indeed, although defendant has not yet answered the Complaint, defendant has by no means ignored this matter or been lackadaisical with any other obligation in this matter. Specifically, defendant City of New York has moved to dismiss the Complaint, for reconsideration of the Court's decision on its motion to dismiss, spent countless hours meeting and conferring with plaintiffs' counsel regarding discovery; appearing in court for various conferences; producing over 20,000 pages of documents to plaintiffs in

compliance with defendant's discovery obligations; and producing a witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Indeed, defendant has not engaged in any bad faith or any practices that would indicate that this action should not be resolved on the merits. That issue has not yet been joined in the matter is only the product of unfortunate oversight.

### C. Plaintiffs Will Not Be Prejudiced.

Moreover, there is no danger of prejudice to plaintiff. Despite this, plaintiffs assert that their reason for predicating their consent on defendant's agreement to waive any and all affirmative defenses is because "[t]he City has failed to provide any reason for the extreme delay in providing a responsive pleading to the complaint, no less demonstrated a showing of good cause. Furthermore, the City's undue delay in answering the complaint in conjunction with the advanced stage of discovery in this litigation has prejudiced Plaintiffs in their ability to conduct discovery on any of the issues or arguments that will be raised in that responsive pleading." This reason by plaintiffs is frivolous. In sum, plaintiffs' predication of consent on an untenable condition should not be indulged by the Court.

First, plaintiffs' experienced counsel routinely bring actions under 42 U.S.C. § 1983 and class actions and are undoubtedly familiar with the affirmative defenses in these types of actions.[1] In the Southern District, plaintiffs' counsel Wylie Stecklow is listed as an attorney of record in 92 cases,[2] most of which are civil rights action. Although the undersigned has not gone through each specific case where Mr. Stecklow is an attorney of record, the undersigned can personally direct the Court to specific cases that have been tried through summary judgment motion practice and trial litigated by plaintiffs' counsel. See e.g. Eric Gersbacher v. City of New York, et al., 14 Civ. 7600 (GHW); Alex Gerskovich v. NYPD Captain Mark Iocco, et al., 15 Civ. 7280 (RMB).[3] Thus, plaintiffs' counsel should be well aware of the types of affirmative defenses that defendant seeks to raise and the potential discovery. Plaintiffs' counsel cannot in good faith claim that they are unaware of the affirmative defenses that defendant will raise. Indeed, at no point, did plaintiffs raise the issue of discovery related to affirmative defenses to defendant and their inability to seek this discovery because of the unawareness of what defendant's affirmative defenses may be.[4]

---

[1] On their attorney profiles, Wylie Stecklow represents that he has "as over 15 years' experience achieving justice for victims of wrongful arrest, excessive force, and other forms of police misconduct." Indeed, Mr. Stecklow "presently serves as chair of the Civil Rights Law Committee of the Federal Bar Association's Southern District of New York chapter." Kevin Cooper represents that he has an "expertise in class actions representing institutional and individual investors who suffered losses due to corporate fraud." That these attorneys who represent themselves as experts in these areas of the law now claim that they "prejudiced" by some lack of knowledge of what affirmative defenses will be raised in the responsive pleading and discovery related to same is disingenuous.

[2] This list does not even include all the cases where only Mr. Thompson, plaintiffs' co-counsel, is also attorney of record.

[3] Both of these cases were Occupy Wall Street matters. Both of these cases also contained municipal liability claims, although the Monell claim in Gersbacher did not survive summary judgment.

[4] Moreover, at no point did plaintiffs point out defendant's failure to answer the Complaint.

Second, discovery in this matter closes on August 1, 2018.  (See Docket Entry No. 124). Therefore, even if plaintiffs truly could not fathom what affirmative defenses defendant would raise, plaintiffs now have about three and a half months to obtain any necessary discovery to prosecute their case.  Plaintiffs can immediately serve defendant with any discovery requests pertaining to defendant's affirmative defenses in accordance with the Federal Rules of Civil Procedure.  There is more than enough time for defendant to comply with any discovery obligations.  It bears noting, however, that the burden of proving an affirmative defense is on defendants.  See Cerbelli v. City of New York, 600 F. Supp. 2d 405 (E.D.N.Y. 2008) (governmental immunity is an affirmative defense); see also Black v. Coughlin, 76 F.3d 72, 75 (2d Cir. 1996) (defendant bears the burden of establishing affirmative defense on a motion for summary judgment); Caravalho v. City of New York, No. 13 Civ.  4174 (PKC)(MHD), 2016 U.S. Dist. LEXIS 44280, at *15 (S.D.N.Y. Mar. 31, 2016) ("Defendants bear the burden of establishing probable cause for an arrest as an affirmative defense.").

In sum, as plaintiffs are well-aware of to the type of affirmative defenses that defendant intends to raise and as plaintiffs have until August 2018 to obtain any discovery related to these affirmative defendants, granting defendants a *nunc pro tunc* extension of time to answer the Complaint and interpose their affirmative defenses will not prejudice plaintiffs.

**D. The Harm to Defendant Should the Court Deny This Application is High and Unwarranted.**

Again, the Second Circuit prefers that litigation disputes be resolved *on the merits*. Should the Court deny this application, or even yield to plaintiffs' unjustified condition, the Court would be departing from this preference.  Indeed, if there is probable cause for plaintiffs' arrests—which is one of defendants' affirmative defenses—plaintiffs will be unable to prove municipal liability.   See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("Where a plaintiff has failed to establish a violation of his constitutional rights, there is no basis for a claim of municipal liability.")  Voiding defendants of the opportunity to argue that and their other affirmative defenses, voids defendant of the opportunity for a resolution on the merits.

**III.   Conclusion.**

Defendant apologizes to the Court for this oversight.  It is not our practice to let a deadline slip.   Despite the lack of consent by plaintiff, we are therefore hopeful that the Court will *nunc pro tunc* extend defendant's time to answer the Complaint, so that issue can be joined and the litigation of this matter can continue.

Thank you for your consideration herein.

                              Respectfully submitted,

                              /s/

                              Brachah Goykadosh
                              *Assistant Corporation Counsel*
                              Special Federal Litigation Division

cc: All counsel of record (by ECF only)