# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GEORGE PACKARD, EDWARD BECK, MICHELLE BERGER, ARI COWAN, CONNOR HICKS, CHARLES MEACHEM, CHRIS PHILLIPS, LARRY SWETMAN AND AMADON DELLERBA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

         Plaintiff,

     -against-

THE CITY OF NEW YORK,

         Defendant.

------------------------------------------------------------------------ X

**PROPOSED ANSWER TO THE COMPLAINT BY DEFENDANT CITY**

15 Civ. 7130 (AT) (SDA)

**JURY TRIAL DEMANDED**

Defendant City of New York[1] by its attorney Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the Complaint, respectfully allege, upon information and belief, as follows:

  1. Denies the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

  2. The claim set forth in paragraph "2" of the Complaint was dismissed by the Court in its decision and order filed on March 2, 2017 Doc. No. 59 and therefore no response is required.

  3. Denies the allegations set forth in paragraph "3" of the Complaint.

  4. Denies the allegations set forth in paragraph "4" of the Complaint.

---

[1] Defendants Former Chief of Patrol Joseph Esposito, Former NYPD Commissioner Ray Kelly, Former Mayor Michael Bloomberg, NYPD Chief Thomas P. Purtell, NYPD Deputy Chief Steven Anger, NYPD Deputy Chief James McNamara were terminated as defendants pursuant to the Court's Order of March 2, 2017, See Docket No. 59.

- 2 -

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the Complaint except admit that individuals gathered in downtown Manhattan on September 17, 2012.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Paragraph "12" contains claims that were dismissed by the Court in an order dated March 2, 2017 and thus no response is required.

13. Denies the allegations set forth in paragraph "13" of the Complaint except admit plaintiffs purport to bring this action on behalf of others similarly situated.

14. Denies the allegations set forth in paragraph "14" of the Complaint but admit plaintiffs purport to bring this action as stated therein.

15. Denies the allegations set forth in paragraph "15" of the Complaint except admit plaintiffs purport to base jurisdiction as stated therein.

16. Denies the allegations set forth in paragraph "16" of the Complaint but admit plaintiffs purport to base supplemental jurisdiction as stated therein.

17. Denies the allegations set forth in paragraph "17" of the Complaint except admit plaintiffs purport to base venue as stated therein.

18. Paragraph "18" is a demand for a jury for which no response is required.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint except admit George Packard was arrested and charged with disorderly conduct.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint except admit that Edward Beck was arrested and charged with disorderly conduct.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint except admit that Michelle Berger was arrested and charged with disorderly conduct.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint except admit that Ari Cowan was arrested and charged with disorderly conduct.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint except admit that Connor Hicks was arrested and charged with disorderly conduct and resisting arrest.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint except admit that Charles Meacham was arrested and charged with disorderly conduct.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint except admit Chris Phillips was arrested and charged with disorderly conduct.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint except admit that Larry Swetman was arrested and charged with disorderly conduct.

27. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint except admit that Amadon Dellerba was arrested and charged with disorderly conduct.

28. Admit the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint except admit that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

30. Paragraph "30" of the Complaint contains allegations against Michael Bloomberg who was terminated as a defendant by an order of the Court on March 2, 2017 and thus no response is required.

31. Paragraph "31" of the Complaint contains allegations against Ray Kelly who was terminated as a defendant by an order of the Court on March 2, 2017 and thus no response is required.

32. Paragraph "32" of the Complaint contains allegations against Joseph Esposito who was terminated as a defendant by an order of the Court on March 2, 2017 and thus no response is required.

33. Paragraph "33" of the Complaint contains allegations against Thomas P. Purtell who was terminated as a defendant by an order of the Court on March 2, 2017 and thus no response is required.

34. Paragraph "34" of the Complaint contains allegations against Steven Anger who was terminated as a defendant by an order of the Court on March 2, 2017 and thus no response is required.

35. Paragraph "35" of the Complaint contains allegations against James McNamara who was terminated as a defendant by an order of the Court on March 2, 2017 and thus no response is required.

36. Paragraph "36" of the Complaint collectively names the Chief Defendants who were terminated as defendants by an order of the Court on March 2, 2017 and thus no response is required.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint but admit plaintiffs purport to represent a class of persons similarly situated.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Paragraph "43" contains claims that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47 of the Complaint.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint except admit that individual marched to Zuccotti Park on September 17, 2011 and remained there for almost two months.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. Denies the allegations set forth in paragraph "63" of the Complaint.

64. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. Denies the allegations set forth in paragraph "79" of the Complaint.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. Denies the allegations set forth in paragraph "82" of the Complaint.

83. Denies the allegations set forth in paragraph "83" of the Complaint.

84. Paragraph "84" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

85. Denies the allegations set forth in paragraph "85" of the Complaint.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Paragraph "88" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

89. Paragraph "89" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

90. Paragraph "90" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

91. Paragraph "91" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

92. Paragraph "92" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

93. Paragraph "93" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

94. Paragraph "94" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

95. Paragraph "95" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

96. Denies the allegations set forth in paragraph "96" of the Complaint but admit police officers were deployed to the immediate area around Wall Street on September 17, 2012.

97. Paragraph "97" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required

98. Paragraph "98" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

99. Paragraph "99" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

100. Paragraph "100" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

101. Paragraph "101" contains claims against defendants that were dismissed by an order of the Court on March 2, 2017 and thus no response is required.

102. Denies the allegations set forth in paragraph "102" of the Complaint.

103. Denies the allegations set forth in paragraph "103" of the Complaint.

104. Denies the allegations set forth in paragraph "104" of the Complaint.

105. Denies the allegations set forth in paragraph "105" of the Complaint.

106. Denies the allegations set forth in paragraph "106" of the Complaint but admit that thousands of individuals gathered in downtown Manhattan on September 17, 2012.

107. Denies the allegations set forth in paragraph "107" of the Complaint.

108. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

111. Denies the allegations set forth in paragraph "11" of the Complaint but admit that George Packard was arrested for disorderly conduct.

112. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Complaint.

113. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "113" of the Complaint.

114. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint but admit Edward Beck was arrested for disorderly conduct.

115. Denies the allegations set forth in paragraph "115" of the Complaint but admit that Edward Beck was arrested for disorderly conduct.

116. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint.

118. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121. Denies the allegations set forth in paragraph "121" of the Complaint but admit that Michelle Berger was arrested and charged with disorderly conduct.

122. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint.

124. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint.

127. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "127" of the Complaint.

128. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint but admit Ari Cowan was arrested for disorderly conduct.

129. Denies the allegations set forth in paragraph "129" of the Complaint but admit Ari Cowan was charged with disorderly conduct.

130. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint but admit Conner Hicks was arrested and charged with disorderly conduct and resisting arrest.

136. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140. Denies the allegations set forth in paragraph "140" of the Complaint.

141. Denies the allegations set forth in paragraph "141" of the Complaint but admit that Charles Meacham was arrested and charged with disorderly conduct.

142. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

145. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146. Denies the allegations set forth in paragraph "146" of the Complaint but admit that Chris Phillips was arrested and charged with disorderly conduct.

147. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "147" of the Complaint.

148. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint.

149. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint.

150. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Complaint.

151. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint but admit Larry Swetman was arrested and charged with disorderly conduct.

153. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Complaint.

155. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

158. Denies the allegations set forth in paragraph "158" of the Complaint but admit Amadon Dellerba was arrested and charged with disorderly conduct.

159. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

160. Denies the allegations set forth in paragraph "160" of the Complaint.

161. Denies the allegations set forth in paragraph "161" of the Complaint.

162. In response to the allegations set forth in paragraph "162" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

163. Paragraph "163" contains claims that were dismissed by an Order of the Court on March 2, 2017 and thus no response is required.

164. Denies the allegations the City of New York failed to train as set forth in paragraph "164" of the Complaint but state that the other claims set forth were dismissed by an Order of the Court on March 2, 2017 and thus no response is required.

165. Denies the allegations the City of New York failed to train as set forth in paragraph "164" of the Complaint but state that the other claims set forth were dismissed by an Order of the Court on March 2, 2017 and thus no response is required.

166. Paragraph "166" contains claims that were dismissed by an Order of the Court on March 2, 2017 and thus no response is required.

167. Paragraph "167" contains claims that were dismissed by an Order of the Court on March 2, 2017 and thus no response is required.

168. Denies the allegations set forth in paragraph "168" of the Complaint but admit plaintiffs purport to suffer damages as stated therein.

169. In response to the allegations set forth in paragraph "169" of the Complaint, defendant City repeats and realleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

170. Denies the allegations set forth in paragraph "170" of the Complaint.

171. Denies the allegations set forth in paragraph "171" of the Complaint.

172. Denies the allegations set forth in paragraph "172" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

173. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

174. There was probable cause for plaintiffs' arrests, detentions and prosecutions.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

175. This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

176. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York

or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

177. Plaintiffs may have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

178. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

179. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

180. Plaintiffs failed to mitigate their alleged damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

181. Punitive damage cannot be assessed against the City of New York.

WHEREFORE, defendant City of New York respectfully requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 13, 2018

**ZACHARY W. CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3523

By: _____/s/_____
Brachah Goykadosh
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All counsel of record (by ECF)

Index No. 15 Civ. 7130 (AT) (SDA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE PACKARD, EDWARD BECK, MICHELLE BERGER, ARI COWAN, CONNOR HICKS, CHARLES MEACHEM, CHRIS PHILLIPS, LARRY SWETMAN AND AMADON DELLERBA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED ,

                                                       Plaintiff,

-against-

THE CITY OF NEW YORK,

                                                       Defendant.

**ANSWER TO THE COMPLAINT BY DEFENDANT CITY**

**ZACHARY W. CARTER**
CORPORATION COUNSEL OF THE CITY OF NEW YORK
Attorney for Defendant City
100 Church Street
New York, New York  10007

*Of Counsel: Brachah Goykadosh*
*Tel:  (212) 356-3523*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ....................................., 2018 . . .*

*..................................................................Esq.*

*Attorney for............................................................*