USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Packard et al.,

                Plaintiffs,

-against-

The City of New York et al.,

                Defendants.

1:15-cv-07130 (AT) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by defendant The City of New York (the "City") for a *nunc pro tunc* extension of time to answer the Complaint. The Court has considered the City's motion (ECF No. 125), the Plaintiffs' response (ECF Nos. 126-27) and the City's reply (ECF No. 128). For the reasons set forth below, the City's motion is GRANTED.

**BACKGROUND**

Plaintiffs filed their Complaint in this action on September 10, 2015 against the City, City officials and members of the New York City Police Department alleging that Plaintiffs' civil rights were violated when they were arrested in September 2012 in connection with protests marking the first anniversary of Occupy Wall Street. (Compl., ECF No. 1, ¶¶ 11-13, 28-35.) By Order dated March 2, 2017, the Court granted in part and denied in part Defendants' motion to dismiss and, as a result, certain defendants were terminated from the action. (3/2/17 Order, ECF No. 59, at 19-20.) Thereafter, by Order dated July 17, 2017, the Court granted in part and denied in part the City's motion for reconsideration. (7/17/17 Order, ECF No. 83, at 8.) Although discovery then ensued, the City failed to file an Answer to the Complaint.

During a telephone conference with the Court on April 2, 2018, the City advised the Court of its failure to file an Answer, and pursuant to an April 3, 2018 Order of the Court (ECF No. 121), the City filed its Letter Motion for an extension of time to file its Answer. (ECF No. 125.) The City included with its Letter Motion its proposed Answer. (ECF No. 125-1.)

**DISCUSSION**

I. **Legal Standards**

Courts in this Circuit have analyzed a motion to file a late answer under both Federal Rules of Civil Procedure 6(b) and 55(c). *Compare Guangxi Nanning Baiyang Food Co. v. Long River Int'l, Inc.*, No. 09-CV-3059 (TPG), 2010 WL 1257573, at *3 (S.D.N.Y. Mar. 30, 2010) (analyzing motion to file a late answer under Rule 55(c)) *with Yahoo, Inc. v. Nakchan*, No. 08-CV-04581 (LTS) (THK), 2011 WL 666678, at *1 (S.D.N.Y. Feb. 22, 2011) (granting defendants' motion for an extension of time, *nunc pro tunc*, under Rule 6(b)(1)(B)). Rule 55(c) empowers a court to set aside an entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c). Rule 6(b)(1)(B) provides that "a court may, for good cause" extend the time to file an answer "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Rule 6 "excusable neglect" standard is more rigorous than the standard under Rule 55(c). *See Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos*, 109 F.R.D. 692, 695 (S.D.N.Y. 1986) (analyzing cross-motion brought under Rule 6(b) to motion for default as a motion to vacate under Rule 55(c) and declining to apply "higher standard of excusable neglect"); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (describing standard under Rule 55(c) as "lenient").

The Court finds that the Rule 55(c) standard is appropriate here because, unlike denying a motion for a *nunc pro tunc* extension of a deadline for some types of filings, a denial in this

2

context would necessarily result in Plaintiffs moving for a default. The Court finds no reason to apply the higher standard of excusable neglect at this juncture when the Court could later vacate a default and allow the Defendant to answer under the more lenient "good cause" standard. *See Graves v. Corr. Med. Serv.*, No. 11-CV-01005 (AM), 2015 WL 1823456, at *2 (W.D.N.Y. Apr. 22, 2015), *aff'd*, 667 F. App'x 18 (2d Cir. 2016) ("A motion to file a late answer is closely analogous to a motion to vacate a default since the party seeking to answer is given the same opportunity to present mitigating circumstances that it would have had if a default had been entered and it had then moved under Rule 55(c) to set it aside.") (internal citation omitted).

In determining whether good cause exists under Rule 55(c), courts consider three factors: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting aside the default would prejudice the adversary. *See Guangxi Nanning Baiyang Food Co.*, 2010 WL 1257573, at *3 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "A default may be vacated upon a showing that the three factors on balance support relief." *Holford USA Ltd., Inc. v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996). "Moreover, the court's discretion is narrow in light of the 'strong policies favoring the resolution of genuine disputes on their merits,' and the admonition that 'doubts are to be resolved in favor of a trial on the merits.'" *Id.* (quoting *Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir. 1983)).

II. **Application**

The Court finds that good cause exists for the City to file its late Answer now. First, the Court finds that the City's conduct was not willful. The City states that its failure to answer was an "unfortunate oversight[,]" due in part to a transition in counsel (Def.'s Letter-Motion, ECF No. 125, at 2), and there is nothing to indicate that it was the result of "more than mere negligence

or carelessness." *Myrieckes v. Woods*, No. 08-CV-4297 (GBD) (THK), 2010 WL 4903621, at *1 (S.D.N.Y. Dec. 1, 2010) ("To find willfulness, the Court must find that Defendants' failure to respond was because of more than mere negligence or carelessness."). Further, this is not a case where the City has failed to assert any defense or litigate the case, and the City's responsiveness to this action "militates against a finding of willfulness." *Haywood v. City of New York*, No. 12-CV-06566 (PAC) (KNF), 2014 WL 241078, at *2 (S.D.N.Y. Jan. 21, 2014) (citing *Enron Oil Corp.*, 10 F.3d at 97).

Second, the Court finds that Plaintiffs have not been prejudiced because of the City's failure to answer. "In the context of a default, 'prejudice' means the loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion—circumstances that make it more difficult for a plaintiff to prosecute its case." *Guangxi Nanning Baiyang Food Co.*, 2010 WL 1257573, at *5 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). Plaintiffs have not identified any loss of evidence or concern regarding fraud or collusion that stems from the City's failure to answer. Indeed, the parties have been conducting discovery in this action and discovery is not set to close until August 1, 2018, which should be ample time for the parties to complete any necessary discovery.[1]

Third, the Court finds that the City has presented a meritorious defense. This test "requires only that the defendant meet a 'low threshold.'" *Holford USA Ltd., Inc.* 169 F.R.D. at 44 (quoting *Meehan*, 652 F.2d at 277)). Among other defenses, the City has asserted that there was

---

[1] If, however, Plaintiffs find that they cannot meet that deadline due to changes in the scope or substance of discovery because of the City's late answer, the Court will consider the timing of the City's answer in determining whether there is good cause to extend the deadline.

4

probable cause to arrest Plaintiffs, which would defeat a claim for municipal liability. (*See* Def.'s Letter-Motion, ECF No. 125, at 4.) This is enough to satisfy the third prong.[2]

### III. Plaintiffs' Premature Motion To Strike

In opposition to the City's motion, Plaintiffs "propose not allowing the improper denials, assertions of lack of knowledge, and boilerplate unsupportable affirmative defenses" that are contained in the proposed Answer. (Opp. Mem., ECF No. 126, at 15.) As no Answer has been filed, Plaintiffs do not make a motion to strike under Federal Rule of Civil Procedure 12(f), but seek sanctions for the same relief. However, Plaintiffs do not indicate what standard they believe should apply and the City opposes what it terms a "back-door motion to strike." (Def.'s Reply, ECF No. 128, at 9-10.) To the extent that Plaintiffs' opposition seeks to strike portions of the City's Answer or deem them admitted and to strike certain affirmative defenses, that relief is denied.

The Court agrees that Plaintiffs' motion is in substance a motion to strike and that such a motion is not properly before the Court. In any event, the Court finds that the City's affirmative defenses are legally sufficient in that they provide fair notice to Plaintiffs of the nature of the defenses and there are questions of fact and law that might allow the defenses to succeed. *See Erickson Beamon Ltd. v. CMG Worldwide, Inc.*, No. 12-CV-5105 (NRB), 2014 WL 3950897, at *3 (Aug. 13, 2014) (applying notice pleading standard under Rule 8(c) to motion to strike affirmative defenses); *see also Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (even "essentially boilerplate" affirmative defenses provided sufficient notice such that they should not be stricken). As for Plaintiff's' motion with respect to various denials in the City's proposed

---

[2] Even if the Court had applied the excusable neglect standard, it still would have granted the City's motion. *See Luo v. Baldwin Union Free School District*, 677 Fed. Appx. 719, 720 (2d Cir. 2017) (excusable neglect found due to confusion from, among other things, motion for reconsideration).

5

Answer, the City has explained its denials with respect to certain of the paragraphs raised by Plaintiffs and the Court finds these explanations to be satisfactory. The Court declines to further parse through each paragraph of the proposed Answer when to do so would waste the Court's time and provide little, if any, value to Plaintiffs case. *See Sibley*, 304 F.R.D. at 134. Moreover, the Court is mindful that courts generally refrain from "tamper[ing] with the pleadings unless there is a strong reason for doing so[,]" *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, No. 11-CV-01638 (CM), 2012 WL 612358, at *16 (S.D.N.Y. Feb. 23, 2012) (internal citation omitted), and the Court finds no such reason here.

While the Court cannot prevent Plaintiffs from making a Rule 12(f) motion once the Answer is filed, Plaintiffs are reminded that "motions to strike are viewed with disfavor and infrequently granted." *Harborview Value Masterfund, L.P. v. Freeline Sports, Inc.*, No. 11-CV-01638 (CM), 2012 WL 612358, at *16 (S.D.N.Y. Feb. 23, 2012); *see also Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. 2008) (as Judge McMahon colorfully explained, "There is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS the City's Letter Motion (ECF No. 125) for an extension of time to file its Answer. The City shall file its Answer on ECF no later than May 7, 2018.

**SO ORDERED.**

DATED: New York, New York
April 30, 2018

_____
STEWART D. AARON
United States Magistrate Judge