Case 1:15-cv-07130-AT-SDA   Document 135   Filed 05/08/18   Page 1 of 2



**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMY ROBINSON**
*Spec. Assistant Corporation Counsel*
*Phone: (212) 356-3518*
*Fax: (212) 356-3509*
*arobinso@law.nyc.gov*

May 8, 2018

**By ECF**
Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>George Packard, et al. v. City of New York</u>
              15 Civ. 7130 (AT) (SDA)

Your Honor:

        I am an attorney in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and assigned to represent defendant City of New York in the above-referenced matter.  I write in response to plaintiffs' May 3, 2018, request for a Local Rule 37.2 conference pertaining to the scheduling of NYPD Inspector Raganella's deposition in this matter.

1.    <u>Plaintiffs' Request is Premature as the Parties Have Not Yet Conferred</u>.  Plaintiffs' request for conference is improper and premature as the parties have yet to confer on this matter.  On May 1st, plaintiffs requested a meet and confer on this issue, and the undersigned proposed dates and times of availability. The undersigned, who is working on the 30(b)(6) issues/witnesses in this matter, including Inspector Raganella, repeatedly informed plaintiffs' counsel that she was unable to confer with plaintiffs' counsel regarding this issue on May 3, 2018, (the date on which a meet and confer pertaining to outstanding discovery by plaintiffs was scheduled). Instead of scheduling a meet and confer on one of the suggested dates, plaintiffs' counsel chose instead to request a conference with the Court in contravention of Your Honor's Individual Rules.

2.    <u>Requiring Inspector Raganella to be Produced for Two Depositions is Not Reasonable</u>. Inspector Raganella has been designated as a 30(b)(6) witness in this case, and as he was also present for at least one of the dates of incident, he will also be testifying as a fact witness.  On March 6, 2018, plaintiffs submitted a 30(b)(6) notice in this case, consisting of twenty-three pages with 141 subheadings, one of which is five pages in length.  The notice also includes 40 definitions with twenty-five subheadings of its own.  The notice covers a vast array of topics, many of which are entirely beyond the scope of plaintiffs' claims, such as the NYPD's "training for marijuana possession, Terry stops and stop-and-frisk."  The notice contemplates at least six 30(b)(6) witnesses.  Defendants objected to the notice and two subsequent meet and confers took place for over four and a half hours between the undersigned and Mr. Dave Thompson in which some headway was made and in an effort to resolve this matter as quickly as possible.  At the

close of the second meet and confer, Mr. Thompson stated that he would send a summary of his understanding of what was accomplished. No summary has been forthcoming. Since the meet and confers, Mr. Thompson appears to no longer be involved in this litigation. Defendant has made serious and diligent efforts to resolve the issues pertaining to plaintiffs' Rule 30(b)(6) notice, so that Inspector Raganella can be produced as soon as possible. However, it is the unexplained absence of Mr. Thompson that has impeded these efforts and unfortunately any progress that the parties have previously made. Defendant is prejudiced by the loss of its time and limited resources spent in an effort to resolve this issue on a speedy basis.

In any event, plaintiffs demand that Inspector Raganella be deposed this month as a fact witness and then be brought back again at a later date to testify as a 30(b)(6) witness after the 30(b)(6) issues in this case have been resolved. Defendants argue that deposing Inspector Raganella twice in this matter is a waste of both judicial resources and Inspector Raganella's time. It has been defense counsel's experience in a number of cases involving Inspector Raganella, that his fact and 30(b)(6) testimony can be accomplished in one deposition as Inspector Raganella's personal knowledge of the dates of incident during Occupy Wall Street, which occurred six to seven years ago, is going to be limited. Thus, requiring Inspector Raganella to appear for two depositions in this case is a waste of everyone's time and resources.

Moreover, in their request for conference on this issue, plaintiffs' counsel conflates fact and 30(b)(6) testimony. Plaintiff requests that Inspector Raganella testify as a fact witness in May, as he is a "key witness pertaining to defendants' training…and his position as head of the disorder control training during the subject period." What plaintiffs' counsel is describing, however, is 30(b)(6) testimony, and the scope of the 30(b)(6) witness testimony has not been resolved as has been admitted to by both parties. Given the sheer volume of plaintiffs' 30(b)(6) notice, and the fact that the only plaintiffs' counsel present for four and a half hours of meet and confers on this issue appears to be no longer involved in this case, it is simply not reasonable to expect that this issue will be resolved in the next couple of weeks. Moreover, it is not reasonable to demand that Inspector Raganella be deposed for what would likely be a short period of time as to his personal knowledge with respect to the dates of incident in this case, and then be deposed a second time as a 30(b)(6) witness in this case.

3.   <u>Conclusion</u>. Defendants respectfully request that the Court deny plaintiffs' improper request for a Rule 37.2 conference and impose any other relief which the Court may deem proper, including attorneys' fees accounting for the loss of four and a half hours of conferral in this case, defendant's time in responding to this improper request, and for plaintiffs' failure to cooperate in discovery as outlined in defendant's motion for a Rule 37.2 conference, which will be filed simultaneously with this opposition.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Amy Robinson
Special Federal Litigation Division

cc:   All counsel VIA ECF