USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Packard et al.,

                  Plaintiffs,

-against-

The City of New York et al.,

                  Defendants.

1:15-cv-07130 (AT) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Defendant City of New York (the "City") moves to compel plaintiff Charles Meacham ("Meacham"), who currently resides in Taiwan, to appear in New York for an in-person deposition. (ECF No. 153.) Meacham opposes that motion and cross-moves for a protective order allowing Meacham's deposition to be remotely taken by videoconference from Taiwan. (ECF No. 155.) The City on its motion also requests that, should the Court grant that the deposition be conducted by videoconference, Meacham bear the cost and burdens associated with the deposition. (ECF No. 153.) For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motion and cross-motion.

**BACKGROUND**

This is a civil rights action in which the plaintiffs, on behalf of themselves and a class of similarly situated individuals, assert claims arising out of their arrests between September 15 and September 17, 2012 as part of the first anniversary of the Occupy Wall Street protests. (Compl. ECF No. 7, ¶¶ 1, 10, 13.) Meacham is one of the named plaintiffs who, at the time of his arrest

and the time of the filing of the Complaint, was a resident of the State of New York. (*Id*. ¶ 24.) He currently resides in Taiwan. (Decl., ECF No. 155-1, ¶ 2.)

On January 31, 2018, the City served a notice of deposition seeking to hold Meacham's deposition at the offices of the Corporation Counsel in New York City on March 8, 2018. (Dep. Notice, ECF No. 153-1, at 4-5.) Meacham objected to the deposition location since he is a resident of Taiwan, and numerous communications occurred between the City and Meacham's counsel during the period March through May 2018 regarding the deposition location. (City 6/11/18 Ltr., ECF No. 153, at 1-2.) The parties reached an impasse, and the City thereafter filed its Letter-Motion to compel Meacham's deposition to be held in-person in New York. (*Id*. at 2, 5.) The City asserts that it will be prejudiced by not being able to "fully assess" Meacham's testimony at an in-person deposition. (*Id*. at 4.)

In response and in support of his cross-motion to have his deposition taken by videoconference from Taiwan, Meacham argues that holding Meacham's deposition in New York is an undue burden and not proportional to the needs of the case. (Pl. 6/14/18 Ltr., ECF No. 155, at 1-3.) Meacham submits a sworn declaration setting forth his modest income, and stating that it would be a financial hardship for him to travel to New York City for his deposition. (Decl. ¶ 4.)[1] He also states that, if he travels to New York for his deposition, he will "likely" lose his job. (*Id*.)

The City requested in its Letter-Motion that, should the Court grant that the deposition be conducted by videoconference, Meacham bear the cost and burdens associated with the

---

[1] There is some dispute regarding the cost of a flight from Taiwan to New York. The City asserts that the cost is about $1200 (City 6/15/18 Ltr., ECF No. 157, at 2.) Meacham asserts that the cost is about $1680. (Decl. ¶ 5; *see also* ECF No. 158-1.) The Court need not resolve this dispute given its disposition of the motion and cross-motion set forth below.

2

deposition. (City 6/11/18 Ltr., at 4.) As noted by the City in its reply (City 6/15/18 Ltr., at 3), Meacham failed to address the City's request in his submission.

## DISCUSSION

### I. Legal Standards

"[C]ourts retain substantial discretion to determine the site of a deposition." *Alpha Capital Anstalt v. Real Goods Solar, Inc.*, 323 F.R.D. 177, 178 (S.D.N.Y. 2017) (citations omitted). As a general rule, a plaintiff will be required to make himself available for a deposition in the forum where he brought suit. *See Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011). However, this is not an absolute rule, and "courts must strive to achieve a balance between claims of prejudice and those of hardship." *Id*. (citations omitted).

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that a court on motion may order that a deposition be taken "by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Holding a deposition by videoconference is 'frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.'" *Alpha Capital*, 323 F.R.D. at 179 (citation omitted).

### II. Application

In its discretion, the Court finds that Meacham has established that it would be somewhat of a burden for him to travel to New York to have his deposition taken. Any prejudice to the City of holding a deposition by videoconference seems to the Court to be minimal, since the City will be able to observe Meacham's demeanor through the video connection. *See Connell v. City of New York*, 230 F. Supp. 2d 432, 437 (S.D.N.Y. 2002) ("A video conference deposition should resolve any concerns defense counsel has over observing plaintiff's demeanor.") Thus, the Court

3

finds that Meacham should have the option of having his deposition taken by videoconference from Taiwan, with two conditions:

(1) First, Meacham shall make all necessary arrangements for having his deposition taken in Taiwan in accordance with the requirements of the Federal Rules of Civil Procedure; and

(2) Second, Meacham shall bear the additional expenses incurred by having his deposition held by videoconference in Taiwan.

The City, which is defending against claims brought by Meacham in a federal court in New York, should not incur any additional burden or expense in having the deposition taken by videoconference from Taiwan. If the deposition is taken by videoconference from Taiwan, then Meacham shall pay the expenses for such deposition (excluding the court reporter transcription fees that the City would have incurred even if the deposition were held in-person in New York City). *See Jun-En Enterprise v. Lin*, 12-CV-2734 (PSG) (SS), 2014 WL 12580251, at *3 (C.D. Cal. Mar. 10, 2014) (shifting expenses to plaintiffs for depositions of plaintiffs to be held in Taiwan). The expenses to be borne by Meacham shall include the costs necessary to comply with the requirements of the Federal Rules of Civil Procedure.

Rule 28(b)(1) of the Federal Rules of Civil Procedure sets forth the requirements with which Meacham must comply. Rule 28(b)(1) provides that a deposition may be taken in a foreign country:

(A) under an applicable treaty or convention;
(B) under a letter of request, whether or not captioned a "letter rogatory";
(C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or
(D) before a person commissioned by the court to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28(b)(1). The Court considers each of subsections (A) through (D) in turn.

Taiwan is not a party to the Hague Convention on Taking of Evidence Abroad,[2] so Rule 28(b)(1)(A) is not applicable. Letters of Request or Letters Rogatory (Rule 28(b)(1)(B)) – which are formal requests to the appropriate judicial authorities in Taiwan requesting testimony – are not practicable since they likely will take too long to obtain and, in any event, will not result in video testimony under questioning by the City's counsel. *See* R. Haig, 3 *Business and Commerc6al Litigation in Federal Courts*, § 21:91 (ABA Section of Litigation, 4th ed. Nov. 2017).

With respect to Rule 28(b)(1)(C), every consular officer is authorized under federal law to administer oaths. *See* 22 U.S.C. § 4221. Thus, Meacham may contact the U.S. Department of State, Bureau of Consular Affairs, to hold his deposition in Taiwan. There are a number of requirements imposed by the Department of State.[3] For example, there will be a variety of fees associated with the deposition, including a $1283 fee for "[s]cheduling/arranging appointments for depositions," and a $309 per hour fee for the consular officer "attending" the deposition. *See* 22 CFR § 22.1 (Schedule of fees, Item Nos. 52(a) & (b)).

Under Rule 28(b)(1)(D), Meacham also could seek to identify a suitable person[4] in Taiwan to administer the oath pursuant to a commission issued by me. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 95-CV-4864 (CSH), 2000 WL 1568255, at *3 (S.D.N.Y. Oct. 19, 2000)

---

[2] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html

[3] *See* link in footnote 2, *supra*.

[4] For example, Meacham could use a U.S. consular official, or potentially could use a foreign official in Taiwan. *See* V. Nanda, D. Pansius & B. Neihart, 3 *Litigation of International Disputes in U.S. Courts*, § 17:3 (Westlaw update April 2018) ("U.S. consular officials are normally employed when a foreign official has not been commissioned to take the deposition.").

(deponent must be put under oath in place where deposition taken).[5] If Meacham chooses this route, Meacham shall submit to the Court within 14 days of the date of this Opinion and Order an appropriate commission[6] for the Court's consideration and approval.

Of course, Meacham still could decide to travel to New York for an in-person deposition to avoid the costs and burdens to him of holding his deposition by videoconference in Taiwan. He shall advise the City and the Court no later than June 25, 2018 of his decision in that regard.

---

[5] *See also* Fed. R. Civ. P. 30(b)(4)("For purposes of this rule [regarding taking depositions by remote means], the deposition takes place where the deponent answers the questions.").

[6] The commission shall comply with the provisions of 22 CFR § 92.53.

## CONCLUSION

For the foregoing reasons, the City's motion and Meacham's cross-motion are GRANTED IN PART and DENIED IN PART. Meacham shall advise the Court and the City no later than June 25, 2018 whether he will be arranging, and paying the additional expenses for, his deposition by videoconference in Taiwan, or if he will be traveling to New York City for his deposition. In addition, no later than June 25, 2018, he shall advise the City of dates he is available for his deposition.

**SO ORDERED.**

DATED:     New York, New York
               June 18, 2018

                                                                        _____
                                                                        STEWART D. AARON
                                                                        United States Magistrate Judge