```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/9/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Packard et al.,

                    Plaintiffs,

-against-

The City of New York et al.,

                    Defendants.

1:15-cv-07130 (AT) (SDA)

ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is the parties' Joint Letter, dated July 31, 2018, setting forth the remaining discovery disputes with respect to Plaintiffs' document demands and interrogatories. (ECF No. 189-1.) For the following reasons, and for the reasons stated on the record, Plaintiffs' motion to compel is GRANTED-IN-PART and DENIED-IN-PART.

First, Plaintiffs seek to compel documents regarding findings by any governmental entity of wrongdoing or liability for false arrest stemming from certain kinds of arrests, including arrests of civilians engaged in protests or public assembly (Request No. 6); amounts paid in settlement in cases alleging false arrest in relation to protest activity or public assembly (Request No. 8); and seven other categories of documents created by or at the direction of the NYPD or Defendant City of New York (the "City"), purportedly related to investigations or evaluations into the City's alleged mishandling of protests. (*See* Joint Letter, ECF No. 189-1, at 2.) Plaintiffs assert that, because the City has produced documents as part of a rolling production without a finite end date, it was unclear to them whether further documents were forthcoming prior to the close of fact discovery. (Joint Letter at 4.)

The Court finds, in its discretion, that Request Nos. 6 and 31 are overbroad and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). However, the City shall search for and produce documents concerning three Complaints (ID numbers 52863, 69846 and 29705) listed in the CCRB Transparency Initiative database, which pertain to arrests that occurred in conjunction with a demonstration or protest in 2011 and for which a full investigation was completed. Moreover, to the extent that Plaintiff has specific follow-up requests based on documents that were recently produced, Plaintiff may seek such limited additional discovery.

With respect to settlement amounts, the Court finds that such amounts are neither relevant nor proportional to the needs of the case. Federal Rule of Evidence 408 provides that evidence of compromise offers and negotiations are not admissible to show "the validity or amount of a disputed claim." Fed. R. Evid. 408(a). While it is true that Rule 408 applies to admissibility, not discoverability, of settlement agreements, Plaintiffs only stated reason for seeking such discovery is to establish deliberate indifference, which they must prove to establish liability. This is exactly the type of evidence that Rule 408 prohibits. *See Hobbs v. Police Officers of City of New York*, No. 10-CV-05717 (SHS) (HBP), 2013 WL 2985899, at *2 (S.D.N.Y. June 17, 2013) (denying motion to compel settlement agreements between City and other plaintiffs); *see also Green v. Baca*, 226 F.R.D. 624, 641 (C.D. Cal. 2005), *order clarified*, No. 02-CV-04744, 2005 WL 283361 (C.D. Cal. Jan. 31, 2005) (amount of settlements not admissible to prove deliberate indifference). Further, "[t]he fact that settlement agreements are often motivated by concerns other than the merits of the underlying claims further attenuates the relevance of such agreements to the value of [Plaintiffs'] claims." *Hobbs*, 2013 WL 2985899, at *2. Thus, Plaintiffs' motion to compel with respect to Request No. 8 is denied.

Second, Plaintiffs seek to compel full and separate answers to ten interrogatories. (*See* Joint Letter at 6-7.) Interrogatories 7 through 10 pertain to the facts that the City contends provided probable cause for the arrest of each of the named Plaintiffs.[1] The City contends that it provided documents responsive to these interrogatories. However, during the conference with the parties, the City admitted that there are additional facts it may rely upon regarding probable cause that would be set forth by affidavit. As such, the Court finds that Plaintiffs' contention interrogatories are proper. Any facts that the City intends to rely on to show probable cause for the arrest of any of the named Plaintiffs that have not already been disclosed must be provided to Plaintiffs in a sworn response.

Interrogatories 12 through 14 pertain to training provided by the NYPD regarding sidewalk policing of protests and First Amendment rights of protestors. The Court finds that, in light of the substantial number of documents that both sides agree have been produced on these topics, no further response from the City is warranted. The City is not required to "parse through documents that have already been produced . . . which [Plaintiffs] are in a position to review themselves[.]" *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010).

Finally, with respect to Interrogatories 16 and 17, the City has already produced relevant documents including NYPD arrest reports, NYPD complaint reports, district attorney files and court files. (Joint Letter at 9.) The Court finds that requiring the City to conduct additional discovery in response to these interrogatories is not proportional to the needs of the case.

---

[1] As Charles Meachem is no longer a named Plaintiff in this action, the City is not required to respond to Interrogatory No. 11. (*See* ECF No. 182.)

Thus, it is hereby Ordered as follows:

1. Within seven days of the date of this Order, Defendants shall produce responsive documents regarding Complaints 52863, 69846 and 29705, if any, as well as responses to Plaintiff's Interrogatories 7 through 10.

2. Within seven days of the date of this Order, Plaintiffs shall make any reasonable follow-up requests regarding documents recently produced.

3. As the final fact deposition is to occur on September 18, 2018, the deadline for the close of fact discovery is extended to October 4, 2018.

**SO ORDERED.**

DATED:      New York, New York
            August 9, 2018

_____
STEWART D. AARON
United States Magistrate Judge