USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE PACKARD, EDWARD BECK, MICHELLE BERGER, ARI COWAN, individually and on behalf of all others similarly situated,

    Plaintiffs,

-against-

CITY OF NEW YORK, a municipal entity,

    Defendant.

15 Civ. 7130 (AT) (SDA)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

    Plaintiffs, George Packard, Edward Beck, Michelle Berger, and Ari Cowan, bring this putative action under 42 U.S.C. § 1983 on behalf of themselves and all others similarly situated against Defendant, City of New York (the "City"). Compl., ECF No. 1. On November 12, 2018, Plaintiffs moved to certify this action as a class action under Federal Rule of Civil Procedure 23(b)(3), ECF No. 213, and on December 18, 2018, the Court referred the motion to the Honorable Stewart D. Aaron, ECF No. 232. Before the Court is the Report and Recommendation (the "R&R") of Judge Aaron, which recommends that Plaintiffs' motion be denied without prejudice. ECF No. 252. Plaintiffs filed timely objections to the R&R. *See* Pl. Objs., ECF No. 253. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

    Plaintiffs brought this case after they were arrested during protests on the first anniversary of Occupy Wall Street ("OWS") on September 15, 16, and 17, 2012. Compl. ¶¶ 10, 13, 19–22.[2]

---

[1] The Court presumes familiarity with the facts, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–3.

[2] OWS is a movement that "protests the individualized inequality that funnels political power, wealth, and resources to a tiny fraction of people and their corporations, and denies the vast majority of ordinary Americans and people their fair share." Compl. ¶ 49.

Plaintiffs allege that their First and Fourth Amendment rights were violated during the course of these arrests because the City failed to train the New York Police Department ("NYPD") on the proper application of the disorderly conduct and obstructing governmental administration statutes to those engaged in peaceful sidewalk protests. Pl. Mem. Class Cert. at 1, ECF No. 230.

On November 12, 2018, Plaintiffs sought certification of a class defined as:

> All persons who were wrongfully arrested in violation of their Fourth Amendment rights and charged with at least one count of disorderly conduct or obstructing governmental administration on September 15, 16, or 17, 2012 by police officers and in violation of their First Amendment Rights while they were engaged in expressive political speech activity in connection with Occupy Wall Street activities.

*Id.* at 2.

## DISCUSSION

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may

adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. Plaintiffs' Objections

Judge Aaron recommends that Plaintiffs' motion for class certification be denied without prejudice because Plaintiffs failed to satisfy Federal Rule of Civil Procedure 23(a)'s typicality requirement and Rule 23(b)'s predominance requirement. R&R at 11–13, 15–19. Plaintiffs object to both of these recommendations. Pl. Objs. at 4–10.

A. Typicality

Judge Aaron found that Plaintiffs failed to satisfy the typicality requirement because their "claims are not typical of the proposed class members' claims." R&R at 13. Plaintiffs object to this recommendation for two reasons. First, Plaintiffs argue that "each Plaintiff and each class member assert similar claims" because their unlawful arrests arose from "Defendant's failure to train the NYPD on the proper application of the disorderly conduct and obstructing governmental administration statutes." Pl. Objs. at 5. Because Plaintiffs "simply reiterate [their] original arguments," the Court reviews this objection for clear error, *Wallace*, 2014 WL 2854631, at *1, and finds none. *See* Pl. Mem. Class Cert. at 23–25 (arguing that Plaintiffs' claims are "typical of those of the members of the class" because all of their unlawful arrests resulted from the City's failure to train).

Second, Plaintiffs argue that Judge Aaron "improperly focused under the typicality prong on the consequences of the City's failure to train and the ways the failure to train manifested itself during the First Anniversary of Occupy Wall Street rather than whether there was an overall failure to train." Pl. Objs. at 6 (emphasis omitted). Plaintiffs further argue that "different types of

3

conduct manifesting from a defendant's policies do not defeat typicality." *Id.* The Court disagrees.

Judge Aaron did not improperly focus on the manifestations of Defendant's alleged failure to train because it is well established that "Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim arises from the *same course of events* and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) (emphasis added). Judge Aaron, therefore, correctly held that Plaintiffs failed to show that "the proposed class members' claims arise from sufficiently similar events" because there are a "variety of factual issues at play for each group of arrestees, including whether pedestrians were present and, if so, whether they were blocked by protesters; whether protestors and/or police were blocking traffic; and whether a dispersal order was given and, if so, whether it provided an alternate venue in which to protest." R&R at 12–13.

Although a plaintiff's claims are typical of the class members' claims when the injuries "derive from a unitary course of conduct by a single system," *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997), Judge Aaron found that the injuries here did not derive from a "unitary course of conduct" because of the myriad of factual variations "between and among class members' claims," R&R at 13. *MacNamara v. City of New York* is particularly instructive on whether class members' claims arise from a unitary course of conduct. 275 F.R.D. 125, 139 (S.D.N.Y. 2011). There, plaintiffs sought to certify eight subclasses of individuals who were allegedly subjected to "indiscriminate mass arrests without individualized probable cause" while participating in political demonstrations. *Id.* at 132, 141. Each subclass consisted of individuals arrested at a particular time, date, and location. *See, e.g.*, *id.* at 133 ("On August 27, 2004, on Seventh Avenue between 34th and 35th Streets, between 6:30 p.m. and 9:30 p.m., the NYPD arrested individuals who were or were perceived to be participating in a monthly bike event

4

known as 'Critical Mass.'"). The court held that each subclass's injuries "derive[d] from a unitary course of conduct" because "each [s]ubclass member was arrested at a particular time, date, and location in connection with real or perceived [] protest activity." *Id.* at 143 (internal quotation marks and citation omitted). In contrast, Plaintiffs here seek to certify one class of individuals who were arrested over the course of three days at numerous locations. *See* Cooper Decl. Ex. 41, ECF No. 231-41 (describing arrests that took place on Broadway near West 4th Street); *id.* Ex. 50 at 30–31, ECF No. 231-50 (detailing OWS arrest statistics from September 15–17, 2012 at Chambers and Broadway and "[v]arious [l]ocations"); *id.* Ex. 54, ECF No. 231-54 (noting arrests made in connection with OWS during class period at numerous locations). Furthermore, in *MacNamara*, at least one named plaintiff was arrested at each of the eight locations. 275 F.R.D. at 133–135. Here, by contrast, there are arrest locations where none of the named Plaintiffs were arrested. *See* Compl. ¶¶ 19–22 (describing four named Plaintiffs); Cooper Decl. Ex. 54 (describing arrests at more than seven locations). Finally, although Plaintiffs seek to certify a class of individuals who were arrested for either disorderly conduct or obstructing governmental administration, none of the named Plaintiffs were arrested for obstructing governmental administration. *See* Compl. ¶¶ 19–22. *See also Casale v. Kelly*, 257 F.R.D. 396, 405 (S.D.N.Y. 2009) ("A lack of typicality may be found in cases where the named plaintiff was not harmed by the [conduct] he alleges to have injured the class." (internal quotation marks and citation omitted)). Accordingly, Plaintiffs have failed to satisfy the typicality prong.

    B. Predominance

Plaintiffs next object to Judge Aaron's finding that they failed to establish that common questions predominate over individual ones. Pl. Objs. at 7–10. Plaintiffs however, fail to make any specific objections, and merely repeat the arguments they made in their motion for class certification before Judge Aaron. *See* Pl. Mem. Class Cert. at 26–27 (arguing that common

issues predominate because Defendant universally failed to train NYPD officers which resulted in unlawful arrests); Pl. Reply Mem. Class Cert. at 3–6 ECF No. 245 (arguing for application of legal presumption that warrantless arrests are unlawful and that common issues predominate even if Defendant rebuts that presumption). The Court, therefore, reviews this portion of the R&R for clear error and finds none.

### C. Plaintiffs' Alternative Arguments

Alternatively, Plaintiffs' request that the Court "exercise its discretion to amend the definition and certify the Class" or "return the matter to the Magistrate Judge pursuant to Rule 72(b)(3) with instructions to consider an issue class as to Defendant's liability for its failure to train under Rule 23(c)(4)." Pl. Objs. at 11–12. Because these requests are "not specific," *Razzoli*, 2014 WL 2440771, at *5, and do not appear to be objections at all, the Court reviews the R&R for clear error and finds none. Moreover, because the Court is allowing Plaintiffs to renew their motion, it declines to exercise its discretion to amend the class definition or instruct Judge Aaron to consider an issue class. *See Burka v. N.Y.C. Transit Auth.*, 110 F.R.D. 595, 603 (S.D.N.Y. 1986) (describing the Court's inherent discretion to "determine whether a class action may be maintained").

Accordingly, Plaintiffs' objections are OVERRULED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiffs properly object and has reviewed the remainder of the R&R for clear error.[3] For the reasons stated above, the Court ADOPTS the R&R in its entirety. Plaintiffs' motion to certify a class is DENIED without prejudice to renewal.

---

[3] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.

The Clerk of Court is directed to terminate the motion at ECF No. 213.

SO ORDERED.

Dated: April 16, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge