

# Police Academy Training Memo

**#41-07**                                                        **DECEMBER 2007**

## ENFORCEMENT OF NEW YORK STATE PENAL LAW SECTION 240.20(5) DISORDERLY CONDUCT

Members of the service must be aware that Penal Law 240.20(5) makes it a violation for a person to intentionally cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof by obstructing vehicular or pedestrian traffic.

In a recent New York State Court of Appeals decision, People v. Jones, the Court vacated the defendant's conviction of disorderly conduct and dismissed the Criminal Court information, finding that the information failed to make out a prima facie case. As a result of this ruling, **members of the service need to articulate more specific facts in order to sustain a charge of Disorderly Conduct**.

When issuing a summons for violations of Penal Law section 240.20(5), the narrative portion of the summons must clearly articulate that the defendant's actions caused a substantial obstruction of vehicular or pedestrian movement **as well as** how the defendant intended to cause public inconvenience, annoyance or alarm, or how defendant recklessly created a risk thereof. In addition, it should be noted in the summons whether the defendant was informed that he was blocking pedestrian and/or vehicular traffic and whether he refused to move.

In appropriate cases, members of the service should also consider charging P.L. 240.20(6), congregating with others in a public place and refusing to comply with a lawful order of the police to disperse. Penal Law 240.20(6) may only be charged when the defendant congregates with a group of two or more people.

Precinct Commanding Officers are to ensure that each member of the command is informed and receives adequate training on enforcing the aforementioned N.Y. Penal Law Section.

D025777

The attached information is intended to guide members of the service when they are confronted with situations which may result in arrests for Penal Law Section 240.20 (5), Disorderly Conduct.

**Subject: People v. Matthew Jones, re: Penal Law 240.20(5), Disorderly Conduct.**

In Jones, defendant was arrested and charged with Disorderly Conduct under Penal Law Section 240.20(5) after he was observed obstructing pedestrian traffic at 42nd Street and 7th Avenue at approximately 2:01 AM. The Criminal Court information stated that "defendant with intent to cause public inconvenience, annoyance and alarm and recklessly creating a risk thereof, obstructed vehicular and pedestrian traffic." The information further contained a statement from the police officer that: "he observed defendant along with a number of other individuals standing around…not moving, and that as a result of defendant's behavior, numerous pedestrians in the area had to walk around defendant…deponent directed defendant to move and defendant refused…"

The Court held that the facts stated in the information failed to establish a prima facie case because it did not indicate how the defendant, when he stood in the middle of the sidewalk, had the intent to cause or recklessly created a risk of public inconvenience, annoyance or alarm. The Court stated that the conduct prohibited by Penal Law 240.20(5) was much more serious than what the defendant had allegedly done and that "something more serious than a mere inconvenience of pedestrians is required to support the charge."

Under this decision, to establish the requisite mental state needed to charge the offense of Disorderly Conduct under Penal Law 240.20(5), not only must the defendant's conduct result in a **substantial** obstruction of pedestrian or vehicular movement, defendant must have either intended to create the obstruction or be aware of the condition his behavior is causing and refuse to change his behavior. **A warning accompanied by a specific explanation of how the individuals' behavior is violating the law is one way to prove the intent element of Disorderly Conduct ("You are blocking pedestrian traffic and forcing individuals to walk into the street, if you do not move you will be subject to arrest").** The following are some examples of situations in which an arrest for P.L. 240.20(5) would be supported:

- During a demonstration, a large group of individuals enter the roadway and sit side by side, holding hands, preventing the movement of vehicular traffic. This would constitute a substantial obstruction of vehicular movement. If on the other hand, the road was closed, and no vehicles were present, these facts would not support a charge of disorderly conduct. When feasible, defendants should be given warnings and an opportunity to leave before enforcement action is taken. Memo book entries should be made documenting the warnings and noting the license plate numbers of vehicles which could not proceed down the roadway.

- A large group of individuals walk shoulder to shoulder across the sidewalk from curb to building line. Pedestrians, not part of the group must walk into the street, where vehicular traffic is moving, in order to get by the group. This would constitute a substantial obstruction of pedestrian traffic. If on the other hand, the group was walking two by two, leaving space for pedestrians to pass them on the sidewalk, or there were no pedestrians present, these facts would not support a charge of disorderly conduct. Where feasible, the defendant should be clearly warned about the condition his/her behavior is causing, and be directed to move from the area. Memo book entries should be made regarding the number of pedestrians forced to walk into the street, the amount of vehicular traffic, and that warnings were given and ignored.

- A group of individuals are standing in front of a movie theatre, blocking the entire sidewalk in front of the entrance. Pedestrians, not part of the group are forced into the street, where vehicular traffic is moving, as the only way to get around the group. This would constitute a substantial obstruction of pedestrian traffic. If, on the other hand, there was room on the sidewalk to get around the group, or no pedestrians were present, these facts are evidence of "mere inconvenience", and would not support a charge of disorderly conduct. In this situation defendant **must** be clearly warned about the condition his/her behavior is causing, and be directed to move from the area. Memo book entries should be made regarding the number of pedestrians forced to walk into the street, the amount of vehicular traffic, and that warnings were given and ignored.

D025779