

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2019**

THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AMY ROBINSON**
*Spec. Assistant Corporation Counsel*
*Phone: (212) 356-3518*
*Fax: (212) 356-3509*
*arobinso@law.nyc.gov*

November 22, 2019

**By ECF**
Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application GRANTED. SO ORDERED.
Dated: November 26, 2019

Re: <u>George Packard, et al. v. City of New York</u>, 15-CV-7130 (AT) (SDA)

Your Honor:

    I am an attorney in the Office of James E. Johnson, Corporation Counsel of the City of New York, and assigned to represent defendant in the above-referenced matter. Defendant requests that certain exhibits attached to the Declaration of Wylie Stecklow in Support of Plaintiffs' Motion for Summary and to the Declaration of Wylie Stecklow in Opposition to Defendant's Motion for Summary Judgment remain under seal. In making this application, defendant is mindful of this Court's Order dated October 30, 2019, (Dkt. No. 311) requiring that the factors in *Lugosch v. Pyramid Co of Onondaga*, 435 F.3d 110 (2d Cir. 2006) be addressed in making this request.

    Defendants request that the following exhibits to the Declaration of Wylie Stecklow in Support of Plaintiffs' Motion for Summary Judgment (Dkt. Nos. 266, 267) remain under seal:

    Plaintiffs' Exhibit 20, due to the privacy interests of a non-party 3-1-1 caller;

    Plaintiffs' Exhibit 76, on the grounds of attorney-client privilege;

    Plaintiffs' Exhibit 96 as it implicates the law enforcement privilege; and

    Plaintiffs' Exhibits 126 and 127 as the contents thereof have already been sealed by Order of the Court.

    Defendant further requests that Exhibit 142 to the Declaration of Wylie Stecklow in Opposition to Defendant's Motion for Summary Judgment (Dkt. Nos. 281, 284) remain under seal as it implicates the law enforcement privilege.

Exhibit 20 contains a 3-1-1 complaint made over a year before the date of incident in this case. The complaint contains the personal identifying information of a random, non-party 3-1-1 complaint, including the complainant's name, home address and e-mail address. While it may be determined that the 3-1-1 complaint may be a judicial document, the personal identifying information of non-party citizens in 3-1-1 complaints is not relevant to the performance of the judicial function. *See Lugosch*, 435 F.3d 119 ("In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process."). Moreover, this type of personal identifying information has not historically been open to the general public and public access plays no role in in Plaintiffs' Motion for Summary Judgment. At the very least, Plaintiff should redact the personal identifying information from the document if it is unsealed as public disclosure would have a chilling effect on future 3-1-1 complainants.

Exhibit 76 contains an e-mail exchange between and NYPD official and an NYPD agency attorney in which the agency attorney provided professional advice and direction to the NYPD official and thus is protected by the attorney-client privilege. First, even if the communication is considered by the Court to be relevant to the performance of the judicial function and useful in the judicial process, and therefore, a judicial document, the right of public access that may attach to these documents is weak. Where a district court denies a summary judgment motion, essentially postponing a final determination of substantive legal rights, the public interest in access is not as pressing. *See Lugosch*, 435 F.3d 121 (citing) *In re Reporters Comm for Fredom of the Press*, 773 F.2d 1325, 1342 n. 3 (D.C. Cir. 1985) (internal quotations omitted). Such documents fall into "the middle of the continuum . . . [thus] the weight to be accorded to the presumption of access must be determined by the exercise of judgment . . . . Where such documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *U.S. v. Amodeo II*, 71 F.3d 1044, 1349-1350 (2d Cir. 1995). When a document plays "only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access." *Id.* at 1350. Plaintiffs' motion for summary judgment was denied, and attorney-client communication was filed under seal and not the type of document that is generally available and presumably played a negligible role in the Court's performance of its duties, if it played any role at all.

Second, the attorney-client privilege may be a compelling reason against public access where it is the Plaintiffs who have put the privileged document in the record, not Defendant, as the case is here. *Lugosch*, 435 F.3d 125. Thus, any public right of access is rebutted here by strong countervailing interests, particularly where a Protective Order, which Plaintiffs have not disputed, is specifically in place to preserve the confidentiality of this for this attorney-client communication.

Exhibits 96 and 142 contain documents, which implicate the law enforcement privilege in that the documents contain information pertaining to law enforcement techniques and procedures, namely, a manner in which the NYPD gathers and disseminates intelligence. The purpose of the law enforcement privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness[es] and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and

otherwise to prevent interference with an investigation. *In Re Department of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988).

The same rationale set forth above pertaining to the continued sealing of Exhibit 76 applies to Exhibits 96 and 142. The Court denied the Plaintiff's motion for summary judgment, these intelligence documents are not usually filed with the court or generally available and were filed under seal, thus the weight of the presumption of public access is weak. Further any public right of access is rebutted here by strong countervailing interests, particularly where a Protective Order, which Plaintiffs have not disputed, is specifically in place to preserve the confidentiality of this for these documents. Public dissemination of Exhibits 96 and 142 would cause harm in that they would reveal the particular techniques and methodology utilized by a specialized NYPD unit in gathering and disseminating intelligence, and, thus undermine the NYPD's planning for future large-scale demonstrations. As such, Exhibits 96 and 142 should remain sealed.

<u>Exhibits 126 and 127</u> comprise the contents of Exhibit W to the Declaration of Amy Robinson in Support of Defendant's Opposition to Plaintiffs' Motion for Summary Judgment. Defendant made an application with the Court to seal this document, which was granted by the Court. (Dkt. No. 311). Because Exhibits 126 and 127 are contained within Exhibit W, these Exhibits 127 and 127 must remain under seal.

Defendant respectfully submits that the *Lugosch* standard is met here with respect to the above-referenced Exhibits. Accordingly, Defendant respectfully requests that the Court allow these documents to remain under seal. In accordance with the Court's Individual Rules, Defendant will provide copies of the Exhibits to the Court via e-mail, including Exhibit W for the Court's reference.

Respectfully submitted,

/s/ *Amy Robinson*

cc: All counsel of Record for Plaintiffs *VIA ECF and E-mail*