| UNITED STATES DISTRICT COURT | USDC SDNY |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| GEORGE PACKARD, EDWARD BECK, | ELECTRONICALLY FILED |
| MICHELLE BERGER, ARI COWAN, | DOC #: _____ |
| individually and on behalf of all others | DATE FILED: _3/25/2020_ |
| similarly situated, | |

Plaintiffs,

-against-                                                   15 Civ. 7130 (AT) (SDA)

CITY OF NEW YORK, a municipal entity,                       **ORDER ADOPTING**
                                                            **REPORT AND**
Defendant.                                                  **RECOMMENDATION**

ANALISA TORRES, District Judge:

Plaintiffs, George Packard, Edward Beck, Michelle Berger, and Ari Cowan, bring this putative class action under 42 U.S.C. § 1983 on behalf of themselves and all others similarly situated against Defendant, City of New York (the "City"). Compl., ECF No. 7. On April 5, 2019, the parties filed cross-motions for summary judgment. ECF Nos. 256, 264. On July 1, 2019, Plaintiffs moved for certification of an issue class under Rule 23(c)(4) of the Federal Rules of Civil Procedure. ECF No. 299. The Court referred the motions for summary judgment and class certification to the Honorable Stewart D. Aaron. ECF No. 306. Before the Court is the Report and Recommendation (the "R&R") of Judge Aaron, which recommends that the parties' cross-motions for summary judgment be denied, and that Plaintiffs' motion for issue certification be denied. ECF No. 310.[1] Plaintiffs filed timely objections to the R&R. *See* Pl. Objs., ECF No. 314.[2] For the reasons stated below, Plaintiffs' objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

---

[1] Judge Aaron previously issued a Report and Recommendation on Plaintiffs' initial motion for class certification under Federal Rule of Civil Procedure 23(b)(3), which recommended denial of the motion without prejudice. ECF No. 252. The Court adopted that Report and Recommendation in its entirety. ECF No. 269; *Packard v. City of New York*, 2019 WL 1714669 (S.D.N.Y. Apr. 16, 2019).

[2] The Court denied the City's request to file untimely objections to the R&R. ECF No. 321.

## BACKGROUND[3]

Plaintiffs bring suit alleging that their First and Fourth Amendment rights were violated during the course of their arrests while participating in protests marking the first anniversary of Occupy Wall Street ("OWS") on September 15, 16, and 17, 2012. Compl. ¶¶ 10, 13, 19–22. Plaintiffs allege that the City failed to train the New York Police Department (the "NYPD") on the proper application of the disorderly conduct and obstructing governmental administration statutes to those engaged in peaceful sidewalk protests. *See* ECF No. 230 at 1.

On April 5, 2019, Defendant moved for summary judgment on all claims remaining after the Court's resolution of the motion to dismiss: (1) false arrest, (2) First Amendment retaliation, and (3) municipal liability on the theory of failure to train. Def. Mem. at 1–26, ECF No. 259.[4] Plaintiffs cross-moved for summary judgment on the issue of municipal liability. Pl. Mem. at 2–30, ECF No. 268.

On July 1, 2019, Plaintiffs sought certification "of the common issue of whether the City is liable for its failure to train the NYPD on the First and Fourth Amendment rights of sidewalk protestors, *i.e.*, whether the City's training was inadequate and whether the City's failure to train amounted to deliberate indifference." Pl. Class Cert. Mem. at 6, ECF No. 300 (internal quotation marks and citation omitted).

## DISCUSSION

I.  Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or

---

[3] The Court presumes familiarity with the facts, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 2–5.
[4] The Court granted in part and denied in part a motion to dismiss filed by the City and the individual defendants. ECF No. 59. Specifically, the Court dismissed the claims against all defendants save the City, and dismissed the claim brought against the City for unconstitutional policy and practice.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II.     Plaintiffs' Objections

Plaintiffs seek issue certification pursuant to Federal Rule of Civil Procedure 23(c)(4). *See* Pl. Class Cert. Mem. "In the Second Circuit, 'a court may employ Rule 23(c)(4)(A) to certify a class as to an issue regardless of whether the claim as a whole satisfies the predominance test.'" *In re Amla Litig.*, 282 F. Supp. 3d 751, 765 (S.D.N.Y. 2017) (quoting *In re Nassau Cty. Strip Search Cases*, 461 F.3d 219, 221 (2d Cir. 2006)). "If common resolution of even a single issue would further the efficient administration of justice, then the class should be

3

certified. But certification is not appropriate if, despite the presence of a common issue, certification would not make the case more manageable or serve the varied interests Rule 23 seeks to advance." *Id.* (internal quotation marks and citation omitted).

Judge Aaron recommends that Plaintiffs' motion for issue certification be denied, because he found that "certification of an issue class would not meaningfully reduce the range of issues in dispute or promote judicial economy." R&R at 29. Plaintiffs object to the R&R's findings that: (1) even with resolution of a certified issue class, individualized determinations of causation and probable cause would still be necessary, and (2) as an alternative to issue certification, putative OWS litigants could instead rely on the doctrine of non-mutual offensive collateral estoppel to use a finding of a failure to train, if one is made in this case, against the City in future litigation. Pl. Objs. at 2. The Court addresses these objections in turn.

    A.  Range of Issues in Dispute and Judicial Economy

Judge Aaron concluded that, "even assuming" that "the requirements of Rule 23(a) and (b) . . . are met," Plaintiffs' proposed issue class "would not meaningfully reduce the range of issues in dispute or promote judicial economy." R&R at 29. Plaintiffs object, and argue that the R&R did not "evaluat[e] the superiority of issue certification under Rule 23(c)(4) as compared to no certification for the claims of the proposed class members." Pl. Objs. at 5.

Plaintiffs' objections to the finding that issue certification would not meaningfully reduce the range of issues in dispute are restatements of their original arguments. *Compare* Pl. Class Cert. Mem. at 9–10 (arguing that issue certification "would materially advance the litigation and is superior to the alternative," and would "be far more efficient . . . than requiring Defendant to litigate the same issue against however many class member may decide to proceed with their own claims if certification is denied" (internal quotation marks, citation, and alterations

4

omitted)), *with* Pl. Objs. at 5–7 (arguing that the R&R did not evaluate "the superiority of issue certification . . . as compared to no certification," and would "be far more efficient . . . than requiring Defendant to litigate the same issue against however many class member may decide to proceed with their own claims if certification is denied" (internal quotation marks, citation, and alterations omitted)). Where, as here, Plaintiffs "simply reiterate [their] original arguments," the Court reviews the objection for clear error. *Wallace*, 2014 WL 2854631, at *1.

The Court finds no clear error. Plaintiffs are correct that class certification is ordinarily antecedent to, and separate from, the resolution of an affirmative defense. Pl. Class Cert. Reply, ECF No. 307 at 7 ("[o]nly after . . . determination of [class issues], the parties would delve into Defendant's affirmative defenses"); *see In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 40–41 (2d Cir. 2006) (noting that certification is typically a "threshold issue[]" evaluated separately from the merits), *reh'g denied sub nom. In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007). But Plaintiffs' proposed certification of a failure-to-train issue class overlaps with the affirmative defense Defendant presses, the existence of probable cause. Plaintiffs' trial plan frames the individualized inquiry of causation as "[w]hether Defendant's failure to train resulted in the unlawful arrest, *i.e.*, arrest without probable cause," ECF No. 300-1 at 3, and Defendant raises probable cause as an affirmative defense, ECF No. 131 ¶ 174. Such an intensive, individualized inquiry into the existence of probable cause for each Plaintiff means that the proposed certification fails to meaningfully further efficient issue resolution, as the Court would be unable to resolve the question of the City's liability without individualized inquiry.

Indeed, issue certification may pose additional problems, rendering it an inferior method of resolution, as illustrated by Plaintiffs' proposed trial plan. The proposed trial plan sets forth "particular issues" that Plaintiffs seek certification of under Rule 23(c)(4), but sets aside the

5

"remaining individual questions . . . to be decided in a procedure designated by the Court during Phase 2," including the inquiry as to "[w]hether Defendant's failure to train *resulted in* the unlawful arrest, *i.e.*, *arrest without probable cause*." ECF No. 300-1 at 2–3 (emphasis added). However, whether the City's alleged failure to train "resulted in" a constitution deprivation, cast off as an "individual question[]" in Plaintiffs' trial plan, *id.* at 2, is a critical element of failure to train.

The Supreme Court has made it clear that, in advancing a failure-to-train theory of municipal liability, a plaintiff must

> establish not only that the officials' purported failure to train occurred under circumstances that could constitute deliberate indifference, but also that plaintiffs identify a specific deficiency in the city's training program *and establish that that deficiency is "closely related to the ultimate injury," such that it "actually caused"* the constitutional deprivation.

*Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989)) (emphasis added).

As the Second Circuit observed, "[t]he elements of an identified training deficiency and a close causal relationship, which together require the plaintiffs to prove that the deprivation occurred as the result of a municipal policy rather than as a result of isolated misconduct by a single actor, ensure that a failure to train theory does not collapse into *respondeat superior* liability." *Amnesty Am.*, 361 F.3d at 130. Although ordinarily a plaintiff may seek certification of certain issues regardless of whether the claim as a whole satisfies Rule 23(b)(3)'s predominance requirement, *see Dungan v. Acad. at Ivy Ridge*, 344 F. App'x 645, 647 (2d Cir. 2009) (citing *In re Nassau County Strip Search Cases*, 461 F.3d at 223), the question of causation is one that is, at least in this case, inappropriate to carve out from the issues Plaintiffs seek to certify. Indeed, Plaintiffs' proposal to omit causation from issue certification could

undercut causation's purpose in preventing claims against the City from becoming mere charges of agent-principal liability.

Of course, it cannot be said that issue certification of failure-to-train liability would always be inappropriate where causation is set aside for individualized inquiry, or where probable cause is an affirmative defense.[5] But the Court concludes that doing so here would not meaningfully reduce the range of issues in dispute, such that certification would be a superior method for resolving Plaintiffs' claims. The Court, therefore, finds no clear error in Judge Aaron's finding.

Next, the Court addresses Plaintiffs' objection that issue certification is superior because of the difficulties putative class members may have in "find[ing] an attorney willing to take their case for deprivation of liberty" due to the limited damages any individual litigant is likely to receive. Pl. Obj. at 6.

This is a new argument, raised for the first time in Plaintiffs' objections. *See generally* Pl. Class Cert. Mem. New arguments "cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli*, 2014 WL 2440771, at *5. In any event, though Plaintiffs are correct that this factor typically weights in favor of certification, *see In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06 Civ. 5173, 2008 WL 1956267, at *14 (S.D.N.Y. May 1, 2008), this consideration is not enough to warrant issue certification in light of the other difficulties already discussed.

Finally, Plaintiffs' objections to the finding that judicial economy would not be meaningfully served by certification are restatements of arguments Plaintiffs have previously

---

[5] After all, the Second Circuit has spoken on this very question, and recognized that certification of certain elements of an alleged unconstitutional policy may be appropriate even where probable cause is an affirmative defense. *See In re Nassau County Strip Search Cases*, 461 F.3d at 230.

7

raised. *Compare* ECF No. 300-1 at 6 (arguing that the appointment of special masters pursuant to Federal Rule of Civil Procedure 53 to resolve individualized issues, including probable cause, would promote judicial economy), *with* Pl. Objs. at 8 (arguing that "judicial economy will be served by issue certification," because special masters would address individualized issues of probable cause).

Again, the Court reviews this objection for clear error, *Wallace*, 2014 WL 2854631, at *1, and finds none. *See In re Am. Realty Capital Properties, Inc. Litig.*, No. 15 Misc. 40, 2017 WL 3835881, at *1 (S.D.N.Y. Aug. 31, 2017) (noting "the broad discretion afforded the district court in class certification questions" (citing *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)).

Accordingly, Plaintiffs' objections are OVERRULED.

B. Non-Mutual Offensive Collateral Estoppel

In a footnote, Judge Aaron observed that, "should any of the named Plaintiffs succeed at trial, other would-be plaintiffs may be able to rely on the doctrine of non-mutual, offensive collateral estoppel to estop the City 'from relitigating the issues which [it] previously litigated and lost against another plaintiff.'" R&R at 30 n.14 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)). Plaintiffs object that non-mutual offensive collateral estoppel would not achieve the benefits of issue certification in resolving the failure to train question, fail to toll the statute of limitations for putative class members, and may often be rejected or unavailable in later litigated cases. Pl. Obj. 9–11. Because the finding was not necessary for the recommendation to deny class certification, however, and "[t]his dicta does not undermine the Report's recommendation," the Court "finds no reason to reject or modify the Report's proposed

finding." *Severstal Wheeling, Inc. v. WPN Corp.*, No. 10 Civ. 954, 2014 WL 2959014, at *6 n.8 (S.D.N.Y. Apr. 11, 2014).

Accordingly, Plaintiffs' objections are OVERRULED.

III. <u>Cross-Motions for Summary Judgment</u>

Neither party timely objected to the portion of the R&R recommending denial of the cross-motions for summary judgment. As such, the Court reviews this portion of the R&R for clear error. *Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014). The Court finds none.

Accordingly, the Court ADOPTS the R&R in its recommendation to deny the cross-motions for summary judgment.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Plaintiffs properly object and has reviewed the remainder of the R&R for clear error.[6] For the reasons stated above, the Court ADOPTS the R&R in its entirety. The parties' cross-motions for summary judgment are DENIED, and Plaintiffs' motion to certify an issue class is DENIED.

Trial on Plaintiffs' claims for: (1) false arrest, (2) First Amendment retaliation, and (3) municipal liability, on a theory of failure to train, is set for **October 19, 2020**.

The Clerk of Court is directed to terminate the motions at ECF Nos. 256, 264, and 299.

SO ORDERED.

Dated: March 25, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[6] To the extent not discussed above, the Court finds the unchallenged portions of the R&R to be free of clear error.

9