UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/25/2020_

GEORGE PACKARD, EDWARD BECK,
MICHELLE BERGER, ARI COWAN,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

-against-

CITY OF NEW YORK, a municipal entity,

                       Defendant.

15 Civ. 7130 (AT) (SDA)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs, George Packard, Edward Beck, Michelle Berger, and Ari Cowan, bring this putative class action under 42 U.S.C. § 1983 on behalf of themselves and all others similarly situated against Defendant, City of New York (the "City"). Compl., ECF No. 7. Before the Court is Defendant's motion to preclude the report and opinion of Plaintiff's expert witness, Robert E. Brown, Esq., from consideration in resolution of the cross-motions for summary judgment and at trial. ECF No. 260. For the reasons stated below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND[1]

    Plaintiffs bring suit alleging that their First and Fourth Amendment rights were violated during the course of their arrests while participating in protests marking the first anniversary of Occupy Wall Street ("OWS") on September 15, 16, and 17, 2012. Compl. ¶¶ 10, 13, 19–22. Plaintiffs allege that the City failed to train the New York Police Department (the "NYPD") on the proper application of the disorderly conduct and obstructing governmental administration statutes to those engaged in peaceful sidewalk protests. See ECF No. 230 at 1.

---

[1] The Court presumes familiarity with the facts, which have been set forth in previous orders in this case, see ECF No. 310, and, therefore, only briefly summarizes them here.

On April 5, 2019, the parties filed cross-motions for summary judgment, ECF Nos. 256, 264, which were referred to the Honorable Stewart D. Aaron for a Report and Recommendation ("R&R"). ECF No. 306. On the same day, Defendant moved to preclude Brown's report and opinion from consideration on summary judgment and at trial. ECF No. 260.

**ANALYSIS**

I. <u>Legal Standard</u>

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. It provides in relevant part that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

District courts are the gatekeepers of expert testimony, responsible for "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). "The proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied." *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).

Courts first address "the threshold question of whether a witness is 'qualified as an expert by knowledge, skill, experience, training, or education' to render his or her opinions." *Nimely v. City of New York*, 414 F.3d 381, 396 n.11 (2d Cir. 2005) (quoting Fed. R. Evid. 702). After considering the expert's qualifications, courts determine whether the expert testimony is reliable. In determining reliability, district courts consider certain factors "includ[ing] the theory's

testability, the extent to which it 'has been subjected to peer review and publication,' the extent to which a technique is subject to 'standards controlling the technique's operation,' the 'known or potential rate of error,' and the 'degree of acceptance' within the 'relevant scientific community.'" *United States v. Romano*, 794 F.3d 317, 330 (2d Cir. 2015) (quoting *Daubert*, 509 U.S. at 593–94).

Even after determining that a witness is qualified as an expert, and that the opinion is reliable, courts ask "whether the expert's testimony (as to a particular matter) will assist the trier of fact." *Nimely*, 414 F.3d at 397 (internal quotation marks and citations omitted). The testimony must be relevant, and it should not be "'directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help.'" *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5936, 2011 WL 1674796, at *4 (S.D.N.Y. May 2, 2011) (quoting *United States v. Mulder*, 273 F.3d 91, 104 (2d Cir. 2001)). "A minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method will not render an expert's opinion *per se* inadmissible." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002). Rather, "[t]he judge should only exclude the evidence if the flaw is large enough that the expert lacks good grounds for his or her conclusions." *Id.* (internal quotation marks and citation omitted).

Although the proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are met, *Williams*, 506 F.3d at 160, the district court is the ultimate gatekeeper, *see* Fed. R. Evid. 104(a). Exclusion of expert testimony is "'the exception rather than the rule.'" *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 Civ. 7907, 2019 WL 1055527, at *1 (S.D.N.Y. Mar. 6, 2019) (quoting Advisory Committee Notes to the 2000 Amendments to Fed. R. Evid. 702).

II. Discussion

A. Brown's Expert Report and Proposed Testimony

Brown is an attorney and retired captain of the NYPD. Pl. Mem. at 1, ECF No. 270; *see also* ECF No. 261-2. Plaintiffs offer Brown's testimony to show "that the lack of appropriate and up-to-date training for executive officers [of the NYPD] on First Amendment sidewalk protest standards was causally related to the class representatives' arrests during the class period." Pl. Mem. at 1; *see* Brown Report, ECF No. 261-1.

Defendant seeks to preclude Brown's report and testimony because (1) Plaintiffs submitted Brown's report without an expert disclosure under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure and a statement of the compensation to be paid for the report and testimony, (2) Brown is not qualified to opine on the adequacy of the NYPD's First Amendment training, (3) Brown's report is not reliable, (4) Brown's opinion providing a narrative of the case supplants the role of the factfinder, and (5) Brown's opinion regarding the existence of probable cause for Plaintiffs' arrest is not properly the subject of expert testimony. Def. Mem. at 1–2, ECF No. 262. The Court addresses each argument in turn.

B. Expert Disclosure Under Rule 26(a)(2)(A)

For all expert witnesses, a party must disclose "the identity of [the] witness." Fed. R. Civ. P. 26(a)(2)(A). For expert witnesses retained by a party for the purpose of providing expert testimony the disclosure "must be accompanied by a written report[ ] prepared and signed by the witness" containing several categories of information. Fed. R. Civ. P. 26(a)(2)(B). Under Federal Rule of Civil Procedure 37(c), "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

4

Though Defendant moves to preclude Brown's report and testimony for failure to provide an expert disclosure under Rule 26(a)(2)(A), Def. Mem. at 1, Defendant appended a copy of the expert report to its papers, ECF No. 261-1, and no explanation of the harm, if any, to Defendant is offered. *See generally* Def. Mem. "Precluding testimony from the expert under this rule is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules." *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (citation omitted). Because Defendant has not demonstrated harm or bad faith, the Court declines to preclude Brown's testimony on this basis.

Next, Defendant argues that Brown's report lacks a statement of the compensation to be paid as required by Rule 26(a)(2)(B)(vi). Def. Mem. at 1. However, Brown's report indicates that he received a $5,000 retainer for his services, and that his hourly rate is $425. Brown Report at 15. To the extent the disclosure provides an incomplete statement of the compensation to be paid, "this particular defect might be harmless considering the ease of eliciting such information." *Castaldi v. Land Rover N. Am., Inc.*, No. 06 Civ. 1008, 2007 WL 4165283, at *5 (E.D.N.Y. Nov. 21, 2007); *see also Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2003 WL 470330, at *4 (S.D.N.Y. Feb. 25, 2003) (noting that a statement of compensation "can be provided in the form of a statement from plaintiff to defendants, and does not necessarily need to be written and prepared by the expert witness").

Accordingly, Defendant's request to preclude Brown's report and testimony for deficiencies under Rule 26(a)(2) is DENIED.

C. Qualifications

Defendant contends that Brown does not "possess[] any 'specialized knowledge' pertaining to the training of NYPD officers on any subject, including training on First

Amendment principles," and is unqualified to testify on those issues. Def. Mem. at 5. The Court disagrees.

A lack of specialization is not a *per se* bar to qualification as an expert. "If the expert has educational and experiential qualifications in a general field closely related to the subject matter in question, the court will not exclude the testimony solely on the ground that the witness lacks expertise in the specialized areas that are directly pertinent." *Arista Records*, 2011 WL 1674796, at *3 (internal quotation marks and citation omitted). In *Stagl v. Delta Air Lines*, the Second Circuit acknowledged that there may be circumstances in which "a district court may properly conclude that witnesses are insufficiently qualified . . . because their expertise is too general," but held that Rule 702 does not demand that a witness's expertise be perfectly tailored to the facts of the case. 117 F.3d 76, 81 (2d Cir. 1997); *see also Washington v. Kellwood Co.*, 105 F. Supp. 3d 293, 308–09 (S.D.N.Y. 2015) (holding that a witness with expertise in business valuation need not have specific expertise in the apparel industry in order to testify to the valuation of an apparel-related enterprise); *Wechsler v. Hunt Health Sys., Ltd.*, 381 F.Supp.2d 135, 142–43 (S.D.N.Y. 2003) (rejecting the argument that an accountant lacking experience in the healthcare industry was unqualified to testify to the financial condition of a healthcare company).

Instead, "[d]isputes as to the strength of [an expert's] credentials, faults in his . . . methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995). The "liberal thrust" of the Federal Rules of Evidence and their "general approach of relaxing the traditional barriers to opinion testimony counsels in favor of admissibility." *Daubert*, 509 U.S. at 588 (internal quotation marks and citations omitted).

6

Here, Brown is qualified to offer his opinion regarding "the effect that the provision of training to police officers can be expected to have on their actions," Pl. Mem. at 10, because as a retired captain of the NYPD with fifteen years of working in New York City law enforcement, including as an executive officer of an NYPD precinct, *id.* at 1–2, he has had extensive experience training officers and observing whether such training impacts their conduct. This work experience amounts to "specialized knowledge" gained through "experience, training, or education" within the meaning of Rule 702. *See* Fed. R. Evid. 702; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) ("[A]n expert might draw a conclusion from a set of observations based on extensive and specialized experience.").

Defendant relies on *Bazile v. City of New York*, 215 F. Supp. 2d 354 (S.D.N.Y. 2002), *aff'd*, 64 F. App'x 805 (2d Cir. 2003), to argue that Brown's law enforcement experience is insufficient. In *Bazile*, the plaintiff, an NYPD officer, sued the NYPD, the City of New York, and various individual defendants, alleging a hostile work environment based on race or national origin, for the disciplinary actions taken against him by the NYPD following an incident in which he shot a pit bull while working as an off-duty security guard. *Id.* at 357–58. The plaintiff sought to admit expert testimony by a witness with a "long experience in drug enforcement and some in supervision of law-enforcement personnel," but "no demonstrated expertise in how to conduct an internal disciplinary inquiry in a large police department, much less any specific knowledge about how the New York City Police Department ordinarily conducts firearms discharge investigations." *Id.* at 381–82. The court precluded the testimony, because it reasoned that "the heart of [the witness's] analysis involves his critiquing of the [NYPD's] investigators' efforts and tactics," and yet the witness "has no basis for comparing how [the NYPD] conducted the Bazile inquiry with how it handles other such investigations." *Id.* at 381–82.

7

*Bazile* is inapposite. Here, Brown's law enforcement background includes serving as an executive officer, including as an NYPD captain; supervising officers, including a contingent of ninety-six police officers, eight sergeants, and two lieutenants; experience in policing demonstrations, at approximately fifty protests and demonstrations in total; and handling disciplinary cases as a commanding officer in the NYCHA Police Department Office of Legal Matters, a significant portion of which "concern[ed] the consistency of police officer conduct with police training." Pl. Mem. at 7–8 (citing Pl. Ex. N, ECF No. 271-14). Unlike in *Bazile*, therefore, Plaintiffs' proposed expert witness has extensive experience in the field in which he seeks to offer testimony.

Defendant's reliance on *Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2005), is also misplaced. In *Nimely*, the Second Circuit held that the district court erred by failing to exclude the testimony of a former police officer, who opined that defendants shot the plaintiff because they "experienced an optical illusion," because the court of appeals found that there was "no indication whatever that [the former policeman] qualified as an expert on human perception or cognitive function—the subject areas implicated by his misperception hypothesis." *Id.* at 399 & n.13. The Second Circuit emphasized that, just "because a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields." *Id.* at 399 n.13. Unlike the purported expert in *Nimely*, Brown, for the reasons stated above, offers opinions concerning subjects well within his knowledge.

The Court concludes, therefore, that Plaintiffs have demonstrated by a preponderance of the evidence that Brown is qualified to testify on the issue of police training.

D. Reliability

Defendant next contends that Brown's report is unreliable. Def. Mem. at 6–14. The Court disagrees. Though not based on "traditional scientific methods," Brown's opinions are "nevertheless based on data—including personal experience . . . review of police manuals and other primary sources . . . —of a type reasonably relied on by experts in various disciplines of social science." *Vazquez v. City of New York*, No. 10 Civ. 6277, 2014 WL 4388497, at *12 (S.D.N.Y. Sept. 5, 2014) (quoting *Katt v. City of New York*, 151 F. Supp. 2d 313, 357 (S.D.N.Y. 2001)); *see also Kumho*, 526 U.S. at 148–49 (acknowledging that, in some fields, the reliability inquiry may turn on personal knowledge and experience rather scientific method).

Thus, given the "flexible" reliability inquiry, *Daubert*, 509 U.S. at 594, and "the particular circumstances of th[is] particular case," *Kumho Tire Co.*, 526 U.S. at 150, the Court concludes that Brown's reliance on his experience, the NYPD procedure manual, and review of the evidence in this case, are sufficient indicia of reliability to warrant introduction of his opinions to the jury. It is up to the jury to decide the weight to which his opinions are entitled. *See Vazquez*, 2014 WL 4388497, at *12 (concluding that the opinions of the plaintiff's proposed expert on police practices and standards, which were not based on "traditional scientific methods," but, among other things, his years of experience with the NYPD, interviews, review of police manuals, were sufficiently reliable). Any "weaknesses on these fronts" are, of course, "fair ground for cross-examination." *Id.*

The remainder of Defendant's disputes as to Brown's methodology, including his method of calculating case dismissal rates, *see* Def. Mem. 8–14, are grist for cross-examination, and go towards weight, not admissibility, *see Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *McCullock*, 61

9

F.3d at 1044 ("Disputes as to . . . faults in . . . [an expert's] methodology . . . go to the weight, not the admissibility, of his testimony.").

The Court concludes, therefore, that Plaintiffs have met their burden of establishing the reliability of Brown's opinion by a preponderance of the evidence.

    E.  Helpfulness

The Court also concludes Brown's opinions are likely to be helpful to the jury, as Brown opines on aspects of police training and supervision which are beyond the ken of most jurors. "[I]t is settled in this Circuit that expert testimony is helpful even where the jury might have general knowledge of the subject at issue, so long as such knowledge may be incomplete or inaccurate given the particular facts and circumstances relevant to the particular case for which expert testimony is offered." *Katt*, 151 F. Supp. 2d at 358. And "[p]olice training, policies, and procedures . . . are clearly complex areas outside common experience." *Vazquez*, 2014 WL 4388497, at *13 (internal quotation marks, citation, and alterations omitted).

It is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions. *Nimely*, 414 F.3d at 395. As the *Daubert* Court explained, "the traditional and appropriate means of attacking shaky but admissible evidence" are not exclusion, but rather "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." 509 U.S. at 596.

    F.  Opinion on Probable Cause

Defendant argues that Brown's opinions as to whether probable cause existed to arrest Plaintiffs impermissibly opines on a question of law. Def. Mem. at 16–17. The Court agrees. "[T]he existence of probable cause is a question of law that is not properly the subject of expert testimony." *Sullivan v. Metro. Transit Auth. Police Dep't*, No. 13 Civ. 7677, 2017 WL 4326058, at *5 (S.D.N.Y. Sept. 13, 2017) (quoting *Rizzo v. Edison, Inc.*, 172 F. App'x. 391, 394 (2d Cir.

10

2006) (internal quotation marks omitted)).  As such, testimony on the existence of probable cause to arrest Plaintiffs is excluded.

However, Brown may opine on how the "NYPD's actions deviated materially from good and accepted standards of police practice" in order to assist the jury in understanding police conduct and procedures for determining probable cause.  Brown Report at 4.  Such testimony is admissible, because "it can give a jury a baseline to help evaluate whether a defendant's deviations from those standards" was in violation of the law.  *Restivo v. Hessemann*, 846 F.3d 547, 580 (2d Cir. 2017) (internal quotation marks and citation omitted).  But in offering "an opinion relevant to applying a legal standard such as probable cause," Brown's "role is limited to describing sound professional standards and identifying departures from them." *Id.* (internal quotation marks and citation omitted).

Accordingly, Defendant's motion to exclude Brown's testimony on the ultimate legal issue of the existence of probable cause for Plaintiffs' arrest is GRANTED.

G.  Consideration of Brown's Report on Summary Judgment

Judge Aaron indicated that he did not rely on Brown's report and opinion in issuing the R&R on the cross-motions for summary judgment.  *See* R&R at 24 n.11, ECF No. 310.  As such, Judge Aaron recommended that, to the extent Defendant seeks to preclude Brown's report and opinion from consideration summary judgment, the motion be denied as moot.[2]  *Id.* (citing *Vazquez*, 2014 WL 4388497, at *11 (denying motion to strike expert report as moot when it was not relied upon by the court in resolving motion for summary judgment)).  Neither party objected to this recommendation.  *See* ECF Nos. 314, 326.  As such, the Court reviews the

---

[2] The Court, moreover, did not rely on Brown's report and opinion in its review of the R&R.

recommendation for clear error, *see Santiago v. Colvin*, 12 Civ. 7052, 2014 WL 1092967, at *1 (S.D.N.Y. Mar. 17, 2014), and finds none.

Accordingly, the Defendant's motion to preclude Brown's opinion and report from consideration in resolving the cross-motions for summary judgment is DENIED as moot.

## CONCLUSION

For the reasons stated above, Defendant's motion to preclude the report and opinion of Plaintiff's expert Robert E. Brown in resolving the cross-motions for summary judgment and at trial is GRANTED in part and DENIED in part.

The Clerk of Court is directed to terminate the motion at ECF No. 260.

SO ORDERED.

Dated: March 25, 2020
       New York, New York

                             ANALISA TORRES
                         United States District Judge