

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA HINDS-RADIX
*Corporation Counsel*

BRIAN FRANCOLLA
*Senior Counsel*
Phone: (212) 356-3527
Fax: (212) 356-3509
bfrancol@law.nyc.gov

February 13, 2023

**BY ECF**
Honorable Sidney H. Stein
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

*[Handwritten endorsement: 2/13/2023 Pretrial conf. adj'd to Feb 23 at 10:30 A.M. in courtroom 23A. Feb 24 due date adjourned for now. The parties are to be prepared for a May 8 trial, regardless of the motion for reconsideration in Monahan. So ordered. Sidney H Stein U.S.D.J.]*

*[Stamp: MEMO ENDORSED]*

Re:   George Packard, et al., v. City of New York, 15-CV-7130 (SHS) (SDA)

Your Honor:

       I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York in the above-referenced matter. The parties write jointly to respectfully request that the current deadlines for pre-trial submissions be adjourned. The parties are currently required to file the Joint Pretrial Order, Proposed Jury Charge, Proposed Verdict Form, *Voir Dire* and any Motions *In Limine* on or before February 24, 2023, with opposition to Motions *In Limine*, if any, due on March 10, 2023. For reasons set forth in more detail below, the parties propose that those deadlines be adjourned until April 7, 2023, and April 21, 2023, respectively. Additionally, defendants respectfully request that the conference scheduled for February 15, 2023, at 12:00 p.m., be adjourned until a later date convenient to the Court. The reason for this request is that I am currently on trial in the matter of Lance Cohen v. City of New York, et al., 18 CV 3737 (HG) before the Honorable Hector Gonzalez – a trial scheduled to end, at the earliest, by February 16, 2023. Plaintiffs' counsel, Wylie Stecklow, Esq., consents to this request. Should the Court grant this request, the parties are available all day on February 23, 2023. In the event the Court is inclined to adjourn the conference yet is unavailable on the alternative date the parties have proposed we are happy to contact Chambers in order to determine a mutually agreeable date.

       By letter dated November 1, 2022, the parties previously requested that trial in this matter be adjourned until some time in May. The reason for that request, in relevant part, was that the parties were awaiting the resolution of a pending motion for reconsideration in Kevin Monahan, et al., v. City of New York, 20-CV-2610 (PKC).[1] Specifically, the parties had discussed the difficulty in settling these cases separately, and the likelihood that the resolution of the pending

---

[1] In both Monahan and the instant matter the plaintiffs – represented by the same counsel – allege that on the same date, September 17, 2012, they were falsely arrested due to the same unconstitutional policy or practice of the City of New York.

motion for reconsideration in Monahan, along with the prospect of any potential appeal, could impact settlement discussions. The parties further advised the Court that at that juncture we agreed that a referral to a magistrate judge for settlement purposes would be helpful in trying to facilitate a resolution of this matter. However, while Plaintiff believes a settlement conference could be beneficial at this point, the undersigned does not agree, and believes this should not happen until after a decision on the Monahan motion for reconsideration has been issued. As of this writing, the parties are still awaiting a decision on the pending motion in Monahan. Accordingly, the parties are proposing to adjourn the current deadlines for pre-trial submissions as set forth above, but not the May 8, 2023 trial date, with the hope that a resolution in Monahan will occur in the meantime thereby allowing us to pursue meaningful settlement discussions via a referral to a magistrate judge.

The parties can of course make themselves available to discuss what is an admittedly unique procedural posture at the Court's convenience should that be helpful.

I thank the Court for its consideration herein.

Respectfully submitted,

/s/
Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc: *all counsel* (via ECF)